## WILLIAM DALTON

*v.*

## JOHN CLOUGH.

1. NEW TRIAL—*verdict against the evidence.* Where, in an action of assumpsit upon a promissory note, under a plea of the general issue, with notice of payment and tender, it is clearly evident the jury did not consider and understand the case, and that their verdict was against the weight of evidence, this court will not hesitate to reverse the judgment

2. In actions *ex contractu,* where it appears from the record, the jury have mistaken the evidence, or found against a clear preponderance, this court will not hesitate to set aside the verdict. In actions *ex delicto,* the rule is more strict.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

The opinion states the case.

Messrs. BROWN & EPLER, for the appellant.

Messrs. MORRISON & EPLER, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, in the Morgan Circuit Court, brought by John Clough against William Dalton, and a verdict and judgment for the plaintiff. The first count in the declaration, was for the value of a promissory note for two hundred dollars, which Dalton had executed to Clough, and which Clough had deposited with Dalton, the maker, for safe keeping, and alleging that he had failed to deliver it up on demand. The other counts were for money lent and advanced and money had and received.

The plea was the general issue, with notice of special matter, such as payment and tender.

Much testimony was heard in the cause, and it leaves the impression that the case was not fully considered and understood by the jury. We have examined the testimony, and are not satisfied that it sustains the verdict. The weight of the evidence most clearly is, that the defendant was not indebted to the plaintiff in the spring of 1867, and there have been no dealings between them since, more than about forty-five dollars. That sum, with the interest added, should have been the amount of plaintiff's recovery.

This court has never hesitated in actions *ex contractu*, to set aside verdicts, where it appears from the record, the jury have mistaken the evidence, or found against its clear preponderance. In actions *ex delicto*, the rule is more strict.

There is no ground of exception to any of the instructions of the court, but we think a new trial should have been awarded on the evidence. It falls far short of sustaining the verdict.

The judgment is reversed and the cause remanded.

*Judgment reversed.*