| 80 | 233 |
| 58a | 105 |
| 80 | 233 |
| 180 | 559 |

# MERRILL LADD *et al.*

## *v.*

# BOARD OF TRUSTEES OF TOWN 41 N., R. 14.

1. OFFICIAL BOND—*liability of sureties on, continues during term of office.* When the term of office of an officer is fixed by law at two years and the record shows that the office was filled by appointment at the time when, by law, the term would expire, it is conclusive that the appointment was for two years from that date, and the sureties on the bond of the officer so appointed will be liable for his acts during the full term of two years from the date of his appointment.

2. SAME—*misrepresentation of principal to surety at time of executing, no defense to suit.* Where parties become sureties on the bond of a township treasurer appointed at the time when that office becomes vacant by limitation, they will be liable for the full term for which he is appointed, and will not be permitted to defend against such bond on account of any representations the principal may have made to them in regard to the object or purpose of it at the time it was executed.

3. SCHOOL LAW OF 1872—*construction of, as to election of township treasurer.* The treasurer to be appointed under the Consolidated Act in relation to schools, in force July 1, 1872, was to be appointed at the expiration of the term of the treasurer in office when the act took effect.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. GRANT & SWIFT, for the appellant.

Mr. H. A. WHITE, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellants are sued on the bond of Samuel Greene as township treasurer of township 41, in Cook county, upon which they are sureties. It appears, from the record of the board of trustees of that township, that, at their regular semi-annual meeting, held at Evanston on the second day of October, A. D. 1871, the following order was made: "The term of the treasurer's office having expired, upon motion of Mr. Greenleaf, Samuel Greene was reappointed treasurer for the ensuing two years." The bond

in suit is dated October 30, A. D. 1871, is indorsed "approved and accepted by E. R. Paul and L. L. Greenleaf, trustees," and filed by the county superintendent on the 9th of November, 1871. On the 14th of October, 1873, Eli A. Gage was elected township treasurer, as the record of the board of trustees shows, "in the place of Samuel Greene, whose term of office had expired."

The breaches claimed are, in the failure of Greene to pay over to Gage, as his successor in office, certain moneys in his hands, which he had received and held as treasurer.

The first point made by appellants is, that Greene was appointed treasurer in October, 1870, for two years, and gave a bond, which, being destroyed by the great fire of Chicago of the 8th and 9th of October, 1871, he was required by the county superintendent to replace; and the bond in suit was executed for that purpose only, and, consequently, binds them for the acts of Greene until the expiration of the two years for which he was appointed in October, 1870, and no further.

We do not consider the point well taken. The office of treasurer was fixed by the school act of 1865, to commence at the semi-annual meeting of the board of trustees in October of that year; and the term was two years. Thus the terms would expire and new terms commence, respectively, in October, 1867, October, 1869, and October, 1871; and so, if Greene was appointed treasurer in October, 1870, it is to be presumed it was for the residue of a term, expiring in October, 1871, and the record of his appointment would seem to be conclusive that, when appointed on the second day of October, 1871, it was for the period of two years. Besides this, the bond is in the precise form required by the statute, when a treasurer is appointed for a full term. It does not profess to have been executed as a substitute for a former bond, or to have any retroactive effect.

What Greene may have said as to the purpose of the bond, is immaterial. The trustees were invested with authority to appoint the treasurer, and the bond had to be made to and approved by them. If appellants were content to take Greene's

word as to the purpose of the bond, rather than go to the trustees and ascertain from them why it was to be executed, they can not complain that they trusted unwisely. It was their own folly. Nor do we regard it of any consequence what the county superintendent may have said in this respect. The law fixed the term of office of the treasurer, and it gave the power of appointment and removal to the trustees alone, and not to the county superintendent in any event, and his only duty in regard to the treasurer's bond was, after it was approved by the trustees and delivered to him, to carefully examine it, and if found to be in all respects according to law, and the securities good and sufficient, indorse his approval thereon, and file it with the papers of his office; but if in any respect defective, *to return it for correction.* Gross' Stat. (1869,) p. 688, sec. 15. Had appellants gone, as they should, to the trustees, or examined their records, before signing the bond, they would have been fully advised of the purpose for which it was required.

The next point argued by appellants is, that the consolidated act, in relation to schools, in force July 1, 1872, terminated the official term of Greene as treasurer, by creating a new corporation to take the place of that by which he was appointed. This, in our opinion, is a misapprehension of the character of that act. The time of holding the election and term of trustees were not changed by that act, but they were continued as they were by the prior law, and the last clause of section 23 provides that, at the first regular election of trustees, after the passage of the act, a successor to the trustee, whose term of office then expired, should be elected, and thereafter one trustee should be elected annually, (see 2 Gross' Stat. p. 401,) thus showing that the new incorporation, if such it may be called, was only to be substituted for the prior one, when its members had to be changed by reason of the expiration of their respective terms. And so, we are of opinion that the intention of the legislature was, that the treasurer to be appointed under the provisions of that act, was to be appointed at the expiration of the term of the treasurer in office when it took effect.

Another point urged by appellants is, that the bond in suit

was never approved by the county superintendent, in the manner provided by law. It does not appear that he ever returned it to the trustees, or made objection to its form or the sufficiency of the securities, but it does appear that he received it and filed it, and paid money thereafter to Greene as treasurer. This was equivalent to an express approval, and the objection can not avail. *Bartlett et al.* v. *The Board of Education,* 59 Ill. 364.

It is finally insisted that, in February, 1873, the county superintendent took from Greene a bond with like conditions as that in suit, for $20,000, and that if that was taken in lieu of this, then appellants are discharged. It is only necessary to say, in reply, it does not appear that the $20,000 bond was taken in lieu of the one in suit, and we are not authorized to presume such was the fact.

We see no cause to disturb the judgment, and it will be affirmed.

*Judgment affirmed.*