89   237
58a  670

## THE DAVIS SEWING MACHINE COMPANY

*v.*

## JOHN BUCKLES.

1. SURETY—*release on giving note for sum due.* Where a principal settles with his agent, who has given bond with sureties, for all indebtedness incurred by the agent to the principal, and the principal, in consideration of the execution of notes to him by the agent and his sureties, releases the bond given, if the settlement includes a note given by the agent, and another guaranteed by one of his sureties, the release will be a discharge of the guarantor on the note so guaranteed, and will be a complete defense to such guarantor, but not if such note forms no part of the sum found to be due on the settlement, but was given for a different indebtedness for which the guarantor was not liable as surety on the bond.

2. Where the surety on a bond is induced by his principal to guaranty the payment of a note given by the latter for an indebtedness incurred by him before the former became surety, under the representation of the principal that he is liable as surety, a subsequent release of his liability on the bond by the obligee upon giving notes for the sum found to be due from his principal, not induced by any representations of the obligee and payee of the note so guaranteed, will not discharge the guarantor from the payment of such prior note so guaranteed by him.

3. SAME—*misrepresentations of his principal inducing him to assume a liability.* A surety or guarantor can not interpose the fraudulent or false representations of his principal, whereby he was induced to become liable, as a defense to the payment of a note or bond, without connecting the payee with such representations.

4. ESTOPPEL—*to claim a note given by partners is an individual debt of one.* Where a sewing machine company settled with their agents, who were partners in buying and selling sewing machines, and surrendered their bond, accepting their note for the balance due, and one of the partners having withdrawn, the other gave his bond to the company to secure any indebtedness he might there-

after incur, after which the company discovered an error in the statement of the account made at the settlement, and charged the two partners with an unsettled balance, taking their note therefor, with a guaranty by one of the sureties in the second bond, it was *held*, that the company was concluded and estopped by these facts from insisting that the indebtedness was the individual indebtedness of the partner continuing the business and guaranteed by his bond.

5. APPLICATION OF PAYMENTS—*where no direction is given.* Where a party sends money to his creditor, which he says he designed to be applied on a particular note, but gives no direction to that effect, the creditor will be authorized to apply it on other indebtedness against the debtor, where no circumstances are proven showing his discretion in this regard was exercised unreasonably.

APPEAL from the Circuit Court of Jersey county; the Hon. CYRUS EPLER, Judge, presiding.

This was assumpsit, by "The Davis Sewing Machine Company" against John Buckles, on his guaranty of a promissory note in the words following:

"$265.75                     *Jerseyville, November* 6, 1872.

Eight months after date we promise to pay to the order of The Davis Sewing Machine Co., $265.75, payable at First National Bank, Jacksonville, for value received, with ten per cent interest, without any relief whatever from valuation or appraisement laws, and with ten per cent fees if collected by attorney; drawers and indorsers jointly and severally waive presentment for payment, protest and notice of protest and non-payment of this note. No credit allowed on this note unless indorsed on back by the payee.

P. O. address, Jacksonville, Ill.        R. A. NANCE.

No. Box 257, due July 9, '73.        J. S. MALLOTT."

Indorsement on back of note:

"For value received I hereby guarantee the prompt payment of the within note.        JOHN BUCKLES.

Paid, Nov. 4, '74—$30.00.
Paid, Dec. 30, '74—$15.00.
Paid, March 11, '75—$25.00."

Buckles' pleas were—1st. Non assumpsit, sworn to. 2d. Release. 3d. That signature was obtained by fraud and cir-

cumvention, and 4th. Payment.    Issues were joined upon these pleas, and the cause was submitted to a jury.

Plaintiff gave in evidence the above instrument, and the defendant admitted that he put his name on the back thereof as guarantor.

The defendant then gave in evidence the following release:

"Know all men by these presents, that whereas, R. A. Nance, John Buckles, Daniel White and John D. Wagoner, of the county of Jersey and State of Illinois, on the 16th day of December, 1871, executed to the Davis Sewing Machine Company, of Watertown, N. Y., a certain bond or writing obligatory conditioned for the payment of all indebtedness which might be incurred by the said R. A. Nance as agent for said company, for machines and other material sold to him by said company after that date; and, whereas, upon an adjustment of the indebtedness of said R. A. Nance to the said company, there is found to be due from him to said company the sum of $2484.87 ; and, whereas, in full settlement of said indebtedness, the said R. A. Nance, John Buckles, Daniel White and John D. Wagoner have executed to the said company five promissory notes, of $496.98 each, bearing even date herewith and payable four, eight, twelve, sixteen and twenty months from date, with ten per cent interest: Now, therefore, this instrument witnesseth, that the said Davis Sewing Machine Company, in consideration of the premises, hereby wholly discharge the said R. A. Nance, John Buckles, Daniel White and John D. Wagoner from all liability upon said bond or writing obligatory first mentioned, and release them wholly from the payment of any and all indebtedness accruing or that has accrued to said company by virtue of the terms and conditions of the said bond.

"In testimony whereof, the said Davis Sewing Machine Company have hereunto by their lawful agent set its hand and seal this 6th day of August, 1874.

THE DAVIS SEWING MACHINE COMPANY.    [seal]

per C. T. MERRIMAN, General Agent."

It was proved that Nance and one Mallott had formed a partnership in the fall of 1871, and entered into a contract with "The Davis Sewing Machine Company" for the sale of their machines; and, to secure the company against loss, gave them their bond, with C. M. Hamilton and M. Bacon as sureties thereon. About the 16th of November, 1871, Nance bought Mallott's interest in the copartnership thus formed, Nance reserving the right to order goods from the company in the firm name until he should perfect an individual contract with the company; and he continued to order goods under this arrangement as he needed them. Sometime in December, 1871, (as appears from the release, on the 16th day thereof,) Nance executed a bond to the company with the sureties named, and upon the condition recited in the release. This bond was accepted by the company, but at what date does not appear. No settlement of the accounts of Nance and Mallott with the company was had until the date of the execution of the note, November 6, 1872. At that time it was found that Nance and Mallott were indebted to The Davis Sewing Machine Company, $1300. Three notes were then given by Nance and Mallott to the company, and guaranteed by Buckles, of $265.75 each, for so much of this balance, and the residue was paid in cash at the time, and the bond of Nance & Mallott was surrendered to them. The note in suit is one of the notes thus given.

There was evidence tending to prove that about $500 of the balance found against Nance & Mallott, was for goods furnished Nance alone after the execution of his bond to the company, and for which his bondsmen would have been responsible if the bond had been accepted prior thereto; that Buckles, when he guaranteed the note, was informed of this fact by Nance, and was induced by Nance to become guarantor solely by reason of his supposed liability for the amount as surety on Nance's bond. There was also evidence tending to prove that when the release was executed, Buckles was informed by

the agent of The Davis Sewing Machine Company, that the note in suit had been paid.

The jury returned a verdict for the defendant, upon which, after overruling a motion for a new trial, the court gave judgment. The case comes here upon the plaintiff's appeal.

Mr. T. S. CHAPMAN, for the appellant.

Messrs. SNEDECKER & HAMILTON, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

There is no ambiguity in the language of the release. It recites that "whereas R. A. Nance, John Buckles, Daniel White and John D. Wagoner, of the county of Jersey and State of Illinois, on the 16th day of December, 1871, executed to The Davis Sewing Machine Company, of Watertown, N. Y., a certain bond, or writing obligatory, conditioned for the payment of all indebtedness which might be incurred by the said R. A. Nance as agent for said company for machines and other material sold to him by said company after that date, and whereas, upon an adjustment of the indebtedness of said R. A. Nance to the said company, there is found to be due from him to said company the sum of $2,484.87; and whereas, in full settlement of said indebtedness, the said R. A. Nance, John Buckles, Daniel White and John D. Wagoner have executed to the said company five promissory notes," etc.; and, in consideration thereof it is said R. A. Nance, John Buckles, Daniel White and John D. Wagoner are "wholly discharged from all liability upon said bond or writing obligatory."

Is the note in suit, then, indebtedness incurred by R. A. Nance for the payment of which Buckles, White and Wagoner were, at the date of the execution of the release, liable as the sureties of Nance, by virtue of the bond? If the evidence showed that the amount of this note was included in the $2,484.87, which was found to be the sum with which these

parties are chargeable upon the bond, there could be no question but that the release is a complete defense to the note; for if the parties in that settlement had expressly recognized the indebtedness for which the note was given as indebtedness covered by Nance's bond, it would be very clear that it was intended it should be released, and it would be our duty to give effect to such intentions. But there is no such evidence in the record; and the reasonable implication from the evidence which is in the record is, that the amount of the note formed no part of the sum of $2,484.87. The note was not produced at that time, and there is no pretense that the amount of it was considered in the calculation then made. There is evidence that, at that time, it was said this note had been paid by Nance, but there is no evidence showing that charges were made or credits given in that settlement upon the supposition that this was true, that would not have been made or given had it been said and understood that the note was not paid. In other words, it is not shown that in that settlement the amount of this note or the payments made upon it, or the offsets against it, were treated as any part of the subject matter of consideration; and in the absence of such proof, it would be idle to say it was intended by the parties that the note was within the terms of the release. We do not think, from the evidence, that the amount of this note could have been recovered in a suit by The Davis Sewing Machine Company on Nance's bond. It does not appear that the bond was actually accepted by them until after all the indebtedness included in the note was incurred. They charged the indebtedness, not against Nance, but against Nance & Mallott. They settled with Nance & Mallott, surrendered their bond and accepted the note upon the assumption that it was their debt, and, subsequently, on discovering an error in the statement of the account made at the time of that settlement, they charged Nance & Mallott with an unsettled balance of $177 and accepted their note for the amount. Upon what principle, then, could the company, afterwards, have been allowed to say that

this was the individual account of Nance? We think it too clear to admit of discussion, that they were concluded and estopped, by these facts, from saying that the indebtedness, in whole or in part, was the individual indebtedness of Nance and guaranteed by his bond.

But, it is argued, Buckles was induced to guarantee the note by representations that it was for indebtedness for which he was already liable as one of Nance's bondsmen. It is enough to say, in reply to this, these representations were made by Nance alone. The company's account was against Nance & Mallott, and there is no evidence that any one, representing the company, made any representations inconsistent with this or in regard to his liability on the account in order to induce him to guaranty the note. A surety or guarantor can not interpose the fraudulent or false representations of his principal as a defense to the payment of a note or bond, without connecting the payee with such representations. *Ladd et al.* v. *Board of Trustees,* 80 Ill. 233; *Smith* v. *Peoria County,* 59 id. 413.

Another point relied upon by appellee is, that he was informed the note was paid when the release was executed. It is not pretended that this was the fact. Nance, it is true, had sent the company money, which, he says, he designed should be applied on this note, but he admits that he gave no direction to that effect, and it was applied by the company on other notes which they held against him and Mallott. This they were authorized to do, there being nothing in the circumstances proven showing that their discretion in that regard was exercised unreasonably. *Bonnell* v. *Wilder,* 67 Ill. 327; *Sprague, Warner & Co.* v. *Hazenwinkle,* 53 id. 419; *Hare* v. *Stegall,* 60 id. 380.

There is neither a plea of, nor sufficient evidence to prove, an estoppel *in pais,* by reason of the representation alleged to have been made in regard to the payment of the note, so that it is entirely unnecessary to consider the case in that light.

We are clearly of opinion that the judgment below was unauthorized by the evidence, and it must, therefore, be reversed and the cause be remanded.

*Judgment reversed.*