## CHICAGO ATTACHMENT COMPANY

### v.

## DAVIS SEWING MACHINE COMPANY.

*Landlord and Tenant—Lease—Conditions—Parol Assignment—Rent— Recovery of—Statute of Frauds.*

1. The failure by a tenant to comply with a condition in a lease prohibiting the assignment thereof without the consent of the lessor, can only be complained of by the latter.

2. In an action for the recovery of a balance alleged to be due for rent under a lease assigned by parol agreement, this court declines, in view of the evidence, to interfere with the judgment in behalf of the plaintiff.

[Opinion filed July 2, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Messrs. ABBOTT, OLIVER & SHOWALTER, for appellant.

Messrs. BRYAN & HATCH and JOHN OLNEY, for appellee.

GARY, J.   April 28, 1882, the appellee demised to Walter Scates and John M. Greist certain premises for a term of five years ending April 30, 1887.   Scates and Greist used the name of " Chicago Attachment Company," as well as their own, in conducting their business of manufacturing sewing machine attachments.   February 9, 1883, by a bill of sale, Greist sold all his interest in the property of the "Chicago Attachment Company and Scates & Greist," to Thomas S. Ridgway.   In March, 1883, Scates demised a part of the premises, by a lease to which he signed the name of Ridgway as well as his own.   In July, 1883, Scates & Ridgway incorporated themselves as the Chicago Attachment Company, and the company, as its record shows, resolved to receive from Scates & Ridgway all their joint property, used in their business, in full payment of the stock of the company.   Scates & Ridgway made a bill of sale to the company, which was doubtless intended to include everything that the resolution called for, except the lease, or the term under it, from the appellees. Upon the lease was indorsed a consent to an assignment of the lease to the appellants, but not signed, and also the words proper for an assignment of the lease, but not signed.   Thereafter upon receipts from appellees to Scates & Greist, the rent was paid by appellants, with their checks, and the premises were occupied by the appellants until July 1, 1884, and the rent paid.   The appellants then abandoned the premises, and this suit is for the net residue of the rent accruing under the lease, after making some allowances which are not necessary to notice.   The question in the case is whether the appellants are chargeable as assignees of the term.   Whether it was in fact intended that the appellants should, by the transactions referred to, become the owners of the unexpired term, is settled by the finding of the circuit judge, in favor of the appellees.   In law it is objected that the lease contained a prohibition of an assignment without the consent of the lessors, and that there was no compliance with the statute of frauds.

The first objection can not be made by the appellants; it is only available to the lessors at their election.   Webster v. Nichols, 104 Ill. 160.

As a statute of frauds, the 29 Car. 2, Ch. 3, is not in force in this State; only the English statutes prior to the fourth year of James the 1st, have been adopted, with some exceptions. Chap. 28, R. S. Nor is there in the statute of frauds in this State, any re-enactment of or equivalent for Sec. 3 of that statute. What may be the possible effect of this omission is a subject too far-reaching to be now considered.

Even under the English statute, the assignee need not sign the assignment; his acceptance of the instrument by which the estate passes, devolves upon him the performance of the covenants running with the land. Sanders v. Partridge, 108 Mass. 556; Babcock v. Scoville, 56 Ill. 461; Taylor's L. & T. Sec. 451.

In Carter v. Hammett, 12 Barb. 253, S. C. 18 Barb. 608, it is held, notwithstanding in New York the statute of frauds embraces assignments of leases, that as between the landlord and assignee, the assignee is estopped from setting up that he is assignee only by parol agreement and not by a valid written instrument.

The appellants having then become, in fact, the assignees of the term, could only discharge themselves from liability for the rent after they ceased to occupy the premises, by parting with the residue of the term. Taylor's L. & T. Sec. 452.

There is language in the next section which seems to qualify this rule, but it is not warranted by the cases cited, which, especially Astor v. L'Armoreux, 4 Sandf. 524, go upon special circumstances to which there is no resemblance here; and that case shows that a parol assignment is as effectual to discharge the original assignee, holding under an assignment in writing, as it is to charge such an assignee by parol under the doctrine of Carter v. Hammett, 12 Barb. 253.

Upon the facts and the law the judgment of this court is that that of the Circuit Court is right and it is therefore affirmed.

*Judgment affirmed.*