## Kew v. Trainor.

1. FORFEITURE—*Not Waived by the Acceptance of Rent, etc.*—Mere proof of the acceptance of rent, subsequent to assignment unauthorized by the lease, does not relieve the term from the forfeiture; it must also be shown that at the time when such rent was received, the landlord was, aware of the assignment.

2. LANDLORD AND TENANT—*Assignment of Lease Without Authority— Waiver of Forfeiture.*—Where a tenant assigned a lease without the.

consent of his landlord, in order to create a waiver of the forfeiture, by acceptance of rent from the assignee, it is necessary, not only to prove that the rent was paid subsequent to the unauthorized assignment of the lease, but also that when the rent was paid and accepted, the landlord had knowledge of the assignment.

3. LEASE—*Condition Not to Assign.*—Where a lease contained a covenant that the lessee would not assign without the written assent of the lessor, followed by a mutual stipulation that if he did so assign, the lessor might declare the term ended and re-enter, *it was held,* to be an express reservation of the right of re-entry if the covenant, not to assign, should be broken.

4. LEASES—*Covenants and Conditions.*—Mutual covenants, such as the right of re-entry, are dependent upon a covenant not to assign, and the condition that if the covenant is broken the right of re-entry exists, is one of the tests to ascertain if the agreement be a mere covenant, or a condition.

5. LEASE—*Power of Re-entry for a Breach of a Covenant.*—If the power of re-entry for the breach of a covenant be added to such covenant, it has the force of a condition.

6. LEASES—*Covenant Not to Assign.*—If a covenant not to assign the lease without the landlord's consent is not a condition upon which the term depends, the covenant not to assign is of little value to the landlord, who may well, in the exercise of his desire, wish to retain the right to say what kind of a tenant he will accept.

7. LEASE—*When a Covenant Will Be Implied.*—A covenant, instead of a condition, will not be implied where the language of the instrument makes it clear that the intention of the parties was that the term should depend upon a condition. The intention of the parties, when clearly ascertainable, will control as to whether a covenant or a condition was intended by the words used.

8. LEASE—*Condition not to Alien—First and Subsequent Alienation.*— In the absence of a statute to the contrary, a condition not to alien without license is determined by an alienation under the first license granted, and no subsequent alienation is a breach of the condition, nor does it give a right of re-entry to the lessor.

9. LEASE—*First and Subsequent Alienations—Exceptions to the Rule.* —Where the condition not to alien without the assent of the lessor runs to a particular person, and that person by a new agreement expressly covenants, in consideration of the license and assignment, that he will perform all the covenants and conditions of the original lease, and where the license itself recites that it is given on the express condition that no further assignment shall be made without a license thereunder, the rule does not apply.

**Memorandum.**—Forcible detainer. Appeal from the Circuit Court of Cook County ; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed December 21, 1893.

The statement of facts is contained in the opinion of the court.

Appellant's Brief, Osborne Bros. & Burgett, Attorneys.

Appellant contended that the demise was not upon condition. The clause in the lease, "It is further agreed by said party of the second part (Gonzalez) that neither he nor his legal representatives * * * shall assign this lease without the written consent of the said party of the first part (Trainor) first had and obtained thereto," is a covenant and not a condition.

When the words can without violence or strain be resolved into a covenant, they will not be held to be a condition. Hague v. Ahrens, 53 Fed. Rep. 58; Paschall v. Passmore, 15 Pa. St. 295; Johnson v. Gurley, 52 Tex. 222; Board of Ed. v. Trustees, 63 Ill. 204; Gallaher v. Herbert, 117 Ill. 160.

It is a well settled rule of construction that in doubtful cases, a writing will be held to be a covenant rather than a condition, and the rule is based on the idea that a condition as tending to destroy the estate, which the grant is professedly designed to confer, will be less favorable to the grantee. 4 Kent's Com. 132; Lynde v. Hough, 27 Barb. 415; Livingston v. Stickles, 7 Hill 254; Blumer v. Phœnix Ins. Co., 45 Wis. 622.

An assignment by Russell to Kew without Trainor's consent would not give to Trainor the right of re-entry. Trainor's consent to assignment by Russell to Kew was not required. The covenant in the lease that "neither he (Gonzalez) nor his legal representatives" would assign the lease without the written consent of Trainor, did not bind the assignee of Gonzalez not to assign without such license. *Expressio unius exclusio alterius.* 1 Wood's Land. and Ten. (2d Ed.), 715, note; 1 Taylor's Land. and Ten. (8th Ed.), Sec. 403, note and Sec. 407, note; Emerson v. Simpson, 43 N. H. 475; Hansen v. Meyer, 81 Ill. 321, 322; Doe v. Smith, 5 Taunt. 795; 1 Marsh 359; Anon., 1 Dyer 66a; Gregson v. Harrison, 2 T. R. 426.

The right of alienation is an incident of a " lease of property, which is to be defeated only by a very clear stipulation

The courts lean to it." Robinson v. Perry, 21 Ga. 183; Walsh v. Martin, 69 Mich. 29; Voris v. Renshaw, 49 Ill. 425.

Covenants against assignment are not favorably regarded by the courts, and are construed liberally in favor of the lessee, and so as to prevent the restriction from extending beyond the express stipulation in reference thereto. 1 Wood's Land. and Ten. (2d Ed.), Secs. 32, 321; 1 Taylor's Land. and Ten. (8th Ed.), Secs. 407, 483; Voris v. Renshaw, 49 Ill. 425; Livingston v. Stickles, 7 Hill, 254.

Covenants and conditions tending to clog alienation and tie up leasehold estates in the hands of lessees are to be construed strongly against the lessor. The courts hold a strict hand over covenants and conditions for defeating leases, and before a forfeiture will be declared the case must come within the terms and import of the covenant or condition upon a strict construction against the lessor. Livingston v. Stickles, 7 Hill, 254; Voris v. Renshaw, 49 Ill. 425; Paschall v. Passmore, 15 Pa. St. 295.

Conditions of defeasance are construed strictly as tending to impose a forfeiture on the grantee which may exceed the amount of injury suffered by the grantor, and thus substitute an arbitrary penalty fixed by the parties for the equitable compensation which would otherwise be awarded by the law. Paschall v. Passmore, 15 Pa. St. 295; Lynde v. Hough, 27 Barb. 415; Southard v. Cent. R. Co., 2 Dutch. (N. J.) 13; Hooper v. Cummings, 45 Me. 359; Wilson v. Galt, 18 Ill. 431; Palmer v. Ford, 70 Ill. 369; Jackson v. Silvernail, 15 Johns. 278; Hadley v. Hadley Mfg. Co., 4 Gray, 140; Emerson v. Simpson, 43 N. H. 475; Wier v. Summons, 55 Wis. 637.

A provision in a lease for re-entry by lessor upon assignment by the lessee, his legal representatives or assigns, is determined by assignment with license, and the assent of the lessor to a subsequent assignment is not required; the lessee's assignee may assign the estate without the lessor's consent. 1 Wood's Land. and Ten. (2d Ed.), Secs. 276, 320; 1 Taylor's Land. and Ten. (8th Ed), Sec. 286, note; Voris v. Renshaw, 49 Ill. 425; Chipman v. Emeric, 5 Cal. 49; Pen-

nock v. Lyons, 118 Mass. 92; Siefke v. Koch, 31 How. Pr. 383; Murray v. Harway, 56 N. Y. 337; Dakin v. Williams, 17 Wend. 448; Dougherty v. Matthews, 35 Mo. 520; Jones v. Jones, 12 Vesey, 185; Brummel v. Macpherson, 14 Ves. 173; Doe v. Bliss, 4 Taunt. 735; Sharon Iron Co. v. City of Erie, 41 Pa. St. 341; Dickey v. McCullough, 2 W. & S. (Pa.) 88.

The assignment to Russell, and Trainor's consent to such assignment, constituted a new contract, and did not carry with it the provision for re-entry for an assignment by Russell without Trainor's consent. Walsh v. Martin, 69 Mich. 29; Van Vranken v. Cedar Rapids, etc., R. Co., 55 Iowa, 135.

A mere agreement not to assign does not imply a right of re-entry on breach of such agreement. Van Valkenburgh v. Payton, 2 Gilman, 44; Shaw v. Coffin, 14 C. B. N. S. (108 E. C. L.) 372; Crowley v. Price, L. R., 10 Q. B. 302; Johnson v. Gurley, 52 Tex. 222; 1 Taylor's Land. and Ten. (8th Ed.) Sec. 291.

APPELLEE'S BRIEF, WINSTON & MEAGHER, ATTORNEYS.

It was contended that the appellee did not waive his right to declare a forfeiture and re-enter for condition broken.

Nothing done by the lessor before he has knowledge of the forfeiture can have the effect of waiving it. After he is informed of the forfeiture he must make his election in view of all the circumstances, whether he will waive or enforce it. He is not bound to elect immediately, but may take his own time to do so. McKildoe, Exr. v Darracott, 13 Grat. (Va.) 284.

Notice of assignment is material and issuable, for otherwise the lessee would take advantage of his own fraud, for he might make the grant or demise so secretly and so near to the day on which the rent is to be paid, as to be impossible for the lessor to have notice of it. When the lessor has no notice of the assignment, the acceptance of rent does not conclude him of his entry. Pennant's case, 3 Coke (64 b) p. 172; Wood's Landlord and Tenant (2d Ed.) 711, Sec. 516;

Walker v. Engler, 30 Mo. 130; Jones v. Clark, 1 Denio (N. Y.) 517; McKildoe v. Darracott, 13 Grat. (Va.) 278; Clark v. Cummings, 5 Barb. (N. Y.) 339; Woodfall on Landlord and Tenant, 324; Duppa v. Mayo, 1 Wm. Saunders, 288, a, b, (note 16); Hawie v. Oswil, Cro. Eliz. 553, 572; Goodright v. Walker, 3 Cowp. 803.

Opinion of the Court, Shepard, J.

Appellee demised to one Gonzalez the premises known as No. 71 East Harrison street, Chicago, for the term of three years, by a written lease, signed by both parties, dated April 1, 1892.

Among numerous other and usual covenants and agreements on the part of the lessee, was:

1.   That at the expiration of the specified term, " or sooner determination thereof by forfeiture, he will yield up said premises to " the lessor.

2.   " That neither he (the lessee) nor his legal representatives will underlet said premises * * * or assign this lease without the written assent " of the lessor being first had.

3.   That if default be made in any of the covenants or agreements in the lease contained, to be kept by the lessee, " his executors, administrators or assigns," it should be lawful for the lessor to declare the term ended and re-enter upon the demised premises, and again enjoy the same as in his former estate.

4.   That when the term should be ended in any way, and the lessee should remain in possession, he should be deemed guilty of a forcible detainer of the premises under the statute, and " be subject to all the conditions and provisions above named," and to removal.

5.   That the lessee waived notice of the election of the lessor to declare the lease ended under any of the provisions of the lease.

On June 13, 1892, the appellee, lessor, by a written indorsement on the back of the lease, consented to the assignment of the lease by the lessee to O. G. F. Russell, " on the express

condition, however, that the assignor (lessee) shall remain liable for the prompt payment of the rent and performance of the covenants on the part of the second party as therein mentioned, and that no further assignment of said lease or subletting of the premises or any part thereof shall be made without my written assent first had thereto."

And on the same date Gonzalez, the lessee, signed and sealed along with Russell, the assignee, a writing on the back of the lease, as follows:

" For value received I hereby assign all my right, title and interest in and to the within lease, unto O. G. F. Russell, his heirs and assigns, and in consideration of the consent to this assignment by the lessor I guarantee the performance by said O. G. F. Russell, of all the covenants on the part of the second party in said lease mentioned.

In consideration of the above assignment and the written consent of the party of the first part thereto, I hereby assume and agree to make all the payments and perform all the covenants and conditions of the within lease, by said party of the second part to be made and performed.

Witness my hand and seal, this thirteenth day of June, A. D. 1892.

E. GONZALEZ,        (Seal.)

O. G. F. RUSSELL,    (Seal.)"

Gonzales went into possession of the premises under the lease, and carried on the cigar business there until he assigned the lease to Russell, who then went into possession and occupied the premises for the cigar and dram shop business until the end of October, 1892.

About that time Russell assigned the lease, and delivered possession of the premises to the appellant, Kew, without the consent or knowledge of appellee, and he has since carried on a dram shop there.

The appellee, on December 2, 1892, gave written notice to Russell and Kew, that because of the assignment of the lease by Russell to Kew, contrary to the covenants of the lease, he had elected to determine the lease, and demanded possession of the premises.

Kew, the appellant, refusing to surrender possession, the appellee brought an action of forcible detainer, and recovered, both in the justice's court and on an appeal to the Circuit Court. It is from the judgment in the latter court that this appeal is prosecuted.

A reversal of that judgment is asked for, on the grounds:

1. That the demise was not upon condition.

2. That an assignment by Russell to Kew without Trainor's consent, would not give to Trainor the right of re-entry.

3. That it was not proved that Trainor did not consent to the assignment to Kew.

4. That Trainor accepted rent from Kew, and thereby waived the condition.

5. Error in giving and refusing instructions.

Considering the grounds urged for a reversal in their reverse order, it will suffice to say that the instructions complained of, will stand or fall, according to the view that shall be taken of the law involved in the first two propositions.

As to the fourth ground, it is most clearly established, by the evidence, that at the time the rent for November was paid, which was the only rent paid by the appellant, the appellee knew nothing whatever of the assignment of the lease by Russell to appellant, and had no knowledge or notice that appellant was paying the rent for himself, or any person other than Russell, to whom the receipt ran, for the rent that was paid.

In order to have created a waiver of forfeiture, by acceptance of rent from the assignee, it was necessary not only to have proved that the rent was paid subsequent to the assignment of the lease, but also that when the rent was paid and accepted, the appellee had knowledge of the assignment. Wood's Landlord and Tenant, Sec. 323.

As to the third ground, Trainor expressly testified that he "never consented to the assignment to Kew," and there is nothing in the record that contradicts him on that point.

The attempted argument that the testimony quoted was

of a legal conclusion, and not of facts from which the court could determine whether he did consent, requires no answer.

Upon the first ground, that the demise to Gonzalez was not upon condition, we feel no hesitancy.

The lease contained the covenant of Gonzalez, that he would not assign without the written assent of Trainor, and there followed the mutual stipulation, that if he did so assign, Trainor might declare the term ended and re-enter. Here was an express reservation of the right of re-entry if the covenant should be broken.

The right of re-entry was dependent upon the covenant not to assign, and the condition that if the covenant was broken, the right of re-entry would exist, attaches.

Mutual covenants of that kind are one of the tests to ascertain if the agreement be a mere covenant, or a condition. Wood's Landlord and Tenant, Sec. 279, p. 433.

" So if a power of re-entry for the breach of a covenant is added to such covenant, it has the force of a condition."    1 Taylor's Landlord and Tenant, Sec. 278.

If it be not a condition upon which the term depended, the covenant not to assign would be of little value to the landlord, who might well, in the exercise of his desire, wish also to retain the right to say what kind of a tenant he would accept.

A covenant, instead of a condition, will not be implied where the language of the instrument makes it clear that the intention of the parties was that the term should depend upon a condition.    The intention of the parties when clearly ascertainable, will control as to whether a covenant or a condition was meant by the words used.  4 Kent's Commentaries, 132.

The second ground possesses more serious difficulties.

Ever since Dumpor's case (1 Smith's Leading Cases, 119) although with many shadings, it has been the law, where not cured by statute, that a condition not to alien without license is determined by an alienation under the first license granted, and no subsequent alienation is a breach of the condition, nor does it give a right of entry to the lessor.

The proviso there was that the lessee, or his assigns, should not alien the premises to any person or persons, without the special license of the lessors; and the lessors afterward licensed the lessees to alien the land to any person or persons.

But we are aware of no case holding that the condition was determined by the first license to assign, where it ran to a particular person, and that person, by a new agreement, expressly covenanted, in consideration of the license and assignment, that he would perform all the covenants and conditions of the original lease, and where the license itself recited that it was given on the express condition that no further assignment should be made without a further license thereunto.

We think that what was done by the parties in connection with the license to assign to Russell, and the assignment to him thereunder, and his new covenant in consideration thereof, affords abundant reason to avoid the strict rule in Dumpor's case, which, although cited as being the law in Voris v. Renshaw, 49 Ill. 425, has been almost always followed with reluctance and avoided when possible. See notes to Dumpor's case in Smith's Leading Cases, *supra*.

And we therefore hold that the condition of the lease against assignment without license, was operative upon Russell, the assignee with license, and that the election of Trainor to declare the term ended, after he learned of the assignment by Russell to Kew, without his license, was lawfully exercised.

The instructions complained of were, as to such as were given, in conformity with the view of the law here expressed and, as to those refused, opposed thereto, and there was no error in the action of the court upon the same. And the judgment of the Circuit Court will be affirmed.


GARY, J.

A covenant with the right of re-entry for a breach, has the force of a condition. Taylor, L. and T., Sec. 278.

Conditions subsequent are not favored in the law, and are

construed strictly because they tend to destroy estates. Voris v. Renshaw, 49 Ill. 425.

" Legal representatives " in the lease here, mean executors or administrators.   Bowman v. Long, 89 Ill. 19.

Consent to the assignment to Russell, left Russell free to assign, unless restrained by something not on the face, but in the indorsements of the lease.   Dumpor's case and notes, 1 Smith L. C. 119.

Thus far I believe the majority of the court and I travel together; but as to the effect of the indorsements we part.

First.   Russell agreed to "perform all the covenants and conditions of the within lease by said party of the second part to be   *   *   *   performed."

This could not refer to the covenant that neither Gonzalez nor his legal representatives would assign, for that was not only their personal act, but the term having passed to Russell, he had gone out of their power to assign.

Second.   Trainor's assent to the assignment to Russell " on the express condition   *   *   *   that no further assignment   *   *   *   shall be made without my written assent," is a condition annexed to his assent to the assignment to Russell—the breach of the condition avoiding that assent; that is an impossible condition; the assignment to Russell being made under that assent, was irrevocable.

We may reasonably conjecture that Kew and Russell both thought that what they did reserved to Kew control over a future assignment; but, as Bishop observes, "not unfrequently the effect of a contract differs considerably from what would be supposed by one unacquainted with the law." Bishop on Contracts, Sec. 437.

On the whole case I can find no covenant even, much less a condition, that Russell should not assign without Trainor's assent; nor any right in Trainor to enter if Russell did so assign; and therefore it is my opinion that the judgment should be reversed.