### John S. Miller v. Helen E. D. Hawes.

1. LEASES—*Assignments—Guaranties Not Affected by Other Demises.* —When an assignment of a lease is upon the express condition that the assignor shall remain liable for the prompt payment of the rent and performance of the covenants of the lease on his part as therein mentioned, the fact that the landlord demised other premises to the assignee of the lease shortly afterward, does not affect the liability of the assignor under the provisions of the assignment.

2. APPLICATION OF PAYMENTS—*In the Absence of Directions.*—A creditor who receives money from his debtor with no direction as to the application of it, is at liberty to apply it to any debt due from such creditor.

3. LANDLORD AND TENANT—*Right of Re-entry may be Waived.*—If the landlord has a right to re-enter he is not obliged to do so.

Debt, for rent.    Appeal from the Superior Court of Cook County; the Hon. GEORGE W. BLANKE, Judge, presiding.    Heard in this court at the March term, 1895.    Affirmed.    Opinion filed June 3, 1895.

MERRITT STARR and C. A. WINSTON, attorneys for appellant.

KIRK HAWES and EDWARD E. PERLEY, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee succeeded to the estate of her father, John H. Dunham, in the premises the rent of which is the subject of this suit, as devisee.    April 3, 1891, he demised by indenture the premises to the appellant for a term to end

April 30, 1894, " to be occupied as a private residence, and for no other purpose whatever." The lease prohibited any assignment, sub-letting, or occupation by any other person without the written assent of the landlord.

An assignment and consent as follows were indorsed on the lease :

## "ASSIGNMENT AND ACCEPTANCE.

For value received I hereby assign all my right, title and interest in and to the within lease unto Edward M. Luce, his heirs and assigns, and in consideration of the consent to this assignment by the lessor, guarantee the performance by said Edward M. Luce of all the covenants on the part of the second party in said lease mentioned.

In consideration of the above assignment and the written consent of the party of the first part thereto, I, said Luce, hereby assume and agree to make all the payments and perform all the covenants and conditions of the within lease by said party of the second part to be made and performed.

Witness our hands and seals, this seventh day of April, A. D. 1892.

JOHN S. MILLER.    [SEAL.]
EDW. M. LUCE.    [SEAL.]

## CONSENT TO ASSIGNMENT.

I hereby consent to the assignment of the within lease to Edward M. Luce, on the express condition, however, that the assignor shall remain liable for the prompt payment of the rent and the performance of the covenants on the part of the second party, as therein mentioned, and that no further assignment of said lease or sub-letting of the premises or any part thereof, shall be made without my written assent first had thereto.

Witness my hand and seal this seventh day of April, A. D. 1893.

J. H. DUNHAM.    [SEAL.] "

Twenty days thereafter Dunham demised another house to Luce and Luce occupied that, and the first house was occupied by a Mr. and Mrs. Aubrey—the rent paid to Dunham

Miller v. Hawes.

by Mrs. Aubrey's mother—and the receipts given in the following form:

"$60.00.                    CHICAGO, June 1, 1892.

Received of Mrs. Mary E. Fuller, per W. M. Booth, attorney, sixty dollars in full for one month's rent from June first, 1892, to July first, 1892, for the premises No. 136 E. 50th street."

The rent was so paid until May 1, 1893.

Luce paid money without any direction as to the application of it, and the appellee has applied what he paid, so far as was necessary to satisfy the rent of the second house, to the payment of that rent, thus leaving part of the rent of the first house unpaid; but no money paid by Luce when no rent was due on the first house was applied to subsequently accruing rent of that house.

No question as to amount recovered is in the case, if the appellant be liable for any rent, and if the appellee had the right to apply what Luce paid as it was applied.

The appellant's position is that by the assignment to Luce with consent of the lessor, the appellant became, as to the covenant in the lease to pay rent, a security for Luce, and that making a lease to Luce of another house, increased his burden, and thus diminished his ability to pay, and discharged the appellant from the rent of the first house. No authority is cited that the creditor may not deal with the principal debtor in other transactions, without thereby discharging the surety. Although there is considerable special pleading in the case the briefs are wholly upon the facts so far as shown by the evidence. That evidence does not show any surrender by Luce of the lease of the first house, either by contract or operation of law. It does not show that the Aubreys or Mrs. Fuller were ever the tenants of Dunham. Receipts to Mrs. Fuller are quite consistent with the continuing tenancy of Luce and a sub-tenancy by her—she paying her rent directly to the superior landlord—and there is no evidence of what was the real arrangement. Grommes v. St. Paul Trust Co., 147 Ill. 634.

The landlord receiving money from Luce, with no direc-

tion as to the application of it, was at liberty to apply it to any debt due from Luce. Davis Sewing Machine Co. v. Buckles, 89 Ill. 237.

If the landlord had the right to re-enter under the doctrine of Kew v. Trainor, 50 Ill. App. 629, 150 Ill. 150, he was not obliged to use it. Chicago Att. Co. v. Davis S. M. Co., 33 Ill. App. 362.

The judgment is affirmed.