## CHARLES BRUNSWICK AND BEN BRUNSWICK

### v.

## FRANK STRILKA, ADM'R.

*Personal Injuries—Master and Servant—Death of Employe—Action for Damages—Burden of Proof—Instructions.*

Brunswick v. Strilka.

1. In an action to recover damages for causing the death of plaintiff's intestate, while in the course of his employment by the defendant, the burden is on the plaintiff to prove negligence on the part of the defendant and the absence thereof on the part of the deceased.

2. In the case presented, the court below improperly instructed the jury, in effect, to find for the plaintiff, unless they believe from the evidence, affirmatively, that the deceased did not come to his death by the negligence of the defendants.

[Opinion filed February 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. ELBERT C. FERGUSON and ALEXANDER McCOY, for appellants.

Mr. JAMES FRAKE, for appellee.

The court properly instructed the jury in regard to the law of contributory negligence, hence the cases of C., R. I. & P. Ry. Co. v. Eminger, 114 Ill. 83, and C., B. & Q. R. R. Co. v. Dougherty, 15 Ill. App. 191, have no application.

In the case of Simons v. Chicago & Tomah R. R. Co., 110 Ill. 340, the foreman cautioned the men about the danger; here the foreman directed an inexperienced boy to assist in running a dangerous and condemned elevator.

The instructions of the plaintiff taken with the declaration state the law, we believe, correctly.

The court in the case of Pennsylvania Co. v. Marshall, 119 Ill. 399, sustain the same instructions and comment on the very authorities which appellants cite to show the second instruction bad, showing they do not apply to these instructions, to which case we beg to refer your Honors. The second instruction was solely on the measure of damages and states the law, we think, accurately. No part of the cause was more thoroughly argued by counsel on both sides than was the law of the measure of damages, and both sides agreed as to what the law was.

The first instruction of appellee is also fully sustained by O. & M. Ry. Co. v. Porter, 92 Ill. 437–441.

"It is the duty of a master who sets a servant to work in a place of danger, to give him such notice and instruction as is reasonably required by the youth of the servant." Atkins v. Merrick Thread Co., 8 N. E. Rep. 241, and cases cited in the note.

This youth, when sent to run or assist in running the elevator, should have been fully instructed how to run it and in regard to the dangers connected with running it, but nothing of the kind was done. As was said in Weick v. Lander, *supra*, "It is not to be expected that a boy twelve years old will use the same degree of caution and care as a person of mature years, nor does the law require it." The same law is again set forth in the case of C. & A. R. R. Co. v. Becker, 84 Ill. 483; nor could it be expected that this boy would, nor does the law require it of him.

The appellants were guilty of gross negligence; if, then, the boy, while using ordinary care, was guilty of slight negligence in comparison to appellants, this judgment is right.

That it was the province of the jury to find whether the boy, under all the evidence, used ordinary care and caution.

GARY, J. This case presents the question whether a jury shall be sustained in rendering a verdict for the plaintiff on the ground that he needs it, and the defendants can stand it. If there were no other ground for reversing the judgment, it would be reversed because a new trial was not granted for the reason assigned in the motion therefor that the verdict was contrary to the evidence. But, by the modifications by the court of several of the instructions asked by the appellants, the jury were required, as a condition precedent to a verdict for the appellants, to believe from the evidence affirmatively that the deceased came to his death, *not* by the negligence of the appellants; which is quite a different thing from instructing the jury to find for the appellants unless the jury believe from the evidence that the deceased came to his death by the negligence of the appellants. The evidence might have been so conflicting or confused that the jury could form no belief, either way, upon it, in which case the appellants were entitled to the verdict. Watt v. Kirby, 15 Ill. 200.

Brunswick v. Strilka.

Other instructions asked by the appellant to the effect that, if the deceased came to his death by reason of defects in the machinery of which the deceased had knowledge, or by going into danger that he knew of, the verdict should be for the appellants, were modified, by words that made the carelessness of the deceased a further condition to a verdict in their favor.

It is not intended here to pass upon the correctness of the instruction as asked, but only to point out that the modifications imposed upon the appellants the burden of proving the negligence of deceased, and the absence of it in themselves, when, by law, the burden was on the appellee to prove the negligence of the appellants and the absence of it in the deceased.

Some of the instructions commented upon are here inserted, the words in small capitals being those erased, and in italics, those inserted by the court.

"If the jury believe from the evidence that the falling of the elevator caused the death of the deceased, and was due to an unavoidable accident, which could not have been foreseen, *and not in consequence of the negligence of the defendants as alleged by the plaintiff in his declaration,* then the jury will find the defendants not guilty.

"Even if the jury believe from the evidence that the defendants, or some of them, may have been chargeable with negligence, yet if the jury further believe from the evidence that the deceased *came to his death in consequence of his not* [WOULD NOT HAVE COME TO HIS DEATH IF HE HAD BEEN IN THE] exercis*ing* of ordinary care and caution, *for his safety* [THEN] *and not by and through the carelessness and negligence of the defendants, or either of them, then* the plaintiff can not recover, and the jury should find the defendants not guilty.

"The court instructs the jury that, though they may believe from the evidence that the defendants were guilty of some negligence upon the occasion in question, yet if the jury further believe from the evidence that the deceased was also guilty of an equal [OR NEARLY EQUAL] degree of negligence, directly contributing to his death, and without which it could not have occurred, then the plaintiff can not recover, and the jury should find the defendants not guilty.

" Even if the jury believe from the evidence that the elevator and the machinery connected therewith was in a defective condition and in need of repairs, before and at the time of the accident, yet if the jury further believe from the evidence that the deceased knew, or by the exercise of reasonable care and diligence might have known of such condition of the elevator and the machinery, *and that he did, notwithstanding, proceed to use the elevator in question and manage the same, and that he was injured in consequence of his carelessness and negligence,* then the plaintiff can not recover, and the jury should find the defendants not guilty.

" The court instructs the jury that if they believe from the evidence that the bottom of the elevator shaft was a dangerous place to go into; that the deceased was warned by the foreman of Brunswick & Co. to keep off the elevator and to have nothing to do with it, and that if he, of his own accord, got down into the bottom of the elevator shaft, *and that he was killed in consequence of his own carelessness and negligence, and not that of the carelessness and negligence of the defendants* [AND THAT SUCH ACT OF THE DECEASED WAS THE PROXIMATE CAUSE OF HIS DEATH], then the plaintiff can not recover, and the jury should find the defendants not guilty."

Some other questions are raised in the case, but it is not necessary to consider them, as they will probably not arise on another trial. For the errors shown the judgment is reversed and the cause remanded.

*Reversed and remanded.*