## THE CHICAGO DREDGING AND DOCK COMPANY
v.
## MATTHEW McMAHON.

*Personal Injuries—Master and Servant—Fellow-servants—Negligence—Instructions.*

1.    If the negligence of a servant, in the exercise of authority conferred upon him by the master over his co-laborers, causes an injury to one of them, the case is not within the general rule exempting the master from liability for injuries caused by the negligence of fellow-servants.

2.    It is proper to refuse to give an instruction touching an issue presented by the declaration but not by the evidence.

3.    The question what is, or is not, negligence, is for the jury.

4.    The appellant can not complain of an error which worked him no injury.

[Opinion filed March 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. WILLIAM LAW, JR., for appellant.

Mr. JOHN GIBBONS, for appellee.

GARY, J.    The injury for which the appellee has recovered was received by him while at work with a dredge of the appellants.    Whether he exercised due care for his own safety was a question upon which the verdict of the jury is, under the evidence, conclusive.

The preponderance of the evidence is, and the jury have in effect so found, that the injury was the result of an order given, after warning of the danger, by the servant of the appellants in command of the dredge and the men employed upon it, to another servant of the appellants, obedience to which brought upon the appellee the force by which he lost his arm.

The case, therefore, comes within the exception defined in C. & A. R. R. Co. v. May, Adm'r, 108 Ill. 288, to the general rule of the irresponsibility of the master to one servant for injuries sustained by the negligence of another in the same line of employment.

The instructions on behalf of the appellants, which were declaratory of the general rule, and ignored this exception, were, therefore, properly refused.

No. 2. " If it be alleged that the master is guilty of negligence in selecting or retaining an incompetent servant, the burden is on the plaintiff to prove it," might have been given without impropriety, as such an issue was presented by the declaration, but no harm follows from its refusal, as no such issue was raised by the evidence. Nothing had been said by any witness derogatory to the servant in command.

No. 8. Declaring conduct therein described to be negligence was properly refused, as it is for the jury, and not for the court, to say what is, or is not, negligence. C. & A. R. R. Co. v. Pennell; 94 Ill. 448; Schmidt v. C. & N. W. Ry. Co., 83 Ill. 405.

The appellant asked this:

No. 3. " The court instructs the jury that no person or corporation is responsible for injuries to an employe occasioned by the carelessness, negligence or unskillfulness of a fellow servant engaged in the same line of employment, provided the employer has taken proper care and precaution to engage proper servants to perform the duties assigned to them. Nor is the employer liable for injuries thus sustained if the person injured was, while engaged as such servant, acquainted with the character of such fellow-servants engaged in the same line of employment for capacity, prudence and skill."

Which the court gave, but with the following addition made by the court of its own motion:

"But you are instructed that, if you believe from the evidence that at the time of the accident the witness Peake had supervision, control and direction of the plaintiff, with power to discharge the plaintiff if he, the plaintiff, should disobey the orders of said Peake, that then the plaintiff and said Peake were not fellow-servants within the meaning of the above instruction."

This addition is assigned as error. The instruction, as presented, was wrong in not excepting from its general negation of responsibility such injuries as might be the result of carelessness, etc., in giving orders, and the addition was wrong in taking Peake out of the category of fellow-servants, so far as his acts as a co-laborer might affect his fellows; but the principle of the addition, in its application to the question before the jury, that is, whether the orders of Peake were the cause of the injury, was right. As to such orders, he was not a fellow-servant; not, perhaps, because he had the power to discharge the appellee, but because he was in "the exercise of the authority conferred upon him by the master over his co-laborers" (108 Ill. 299), and the injury was charged to the exercise of that authority.

There is no error in the record, and the judgment is affirmed.

*Judgment affirmed.*