JOHN B. CARSON

v.

OTTO W. MITCHELL AND JOHN F. A. HALBACH.

*Agency—Contract to Repair Theatre—Extras—Recovery of.*

1.   The fact that the proprietor of a building intrusted matters connected with a certain work to persons named, is not, of itself, authority to them to add to a contract made by him with third parties.

2.   An agreement with certain persons as authorized agents, can not bind their principal, they having no authority to do so.

[Opinion filed July 23, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. S. P. McCONNELL, Judge, presiding.

Messrs. OSBORN & LYNDE, for appellant.

Messrs. HANECY & MERRICK, for appellees.

GARY, J.   The appellees sued the appellant, in assumpsit, for work, etc., done by them on the Columbia Theatre.   That

he did employ them to do specified work for $3,000, which they did, and he paid for it, is undisputed. This suit is for extras, which he denies that he ever, expressly or by implication, requested.

A good deal of work besides that done by the appellees, and other furnishings, went into the refitting of the theatre at the same time, and the son of the appellant and two other persons had some agency and authority from the appellant as to such refitting, but the extent of such agency and authority is a disputed question. The son and one of those other persons directed the doing of the extra work in question.

On this state of the case, the court, on behalf of the appellees, instructed the jury that if they, under a "verbal agreement to do further work and to furnish extra material at another and greater price on said theatre, either with the defendant Carson, or with his son, James D. Carson, or W. H. Morton, as the authorized agents, or managers, or representatives of the defendant Carson, in the alteration and decoration of the said theatre," did the work in question, they should recover.

Other instructions put the right to recover upon the hypothesis that the appellant knowingly permitted his son and Morton to hold themselves out to the plaintiffs and the world as his agents, to alter and decorate, or knew that they were acting as his agents, buying materials and ordering work for the alteration, renovation and decoration, and voluntarily permitted them to do so. That in the negotiations that led to the contract for $3,000, the price, and consequently what the appellees especially contracted for, was cut down from $7,000 to $3,000, was proved by the appellees.

That the appellant had intrusted other matters connected with alterations and decorations to his son and others, was not of itself any authority to them to add to the contract he had made with the appellees; nor did the fact that the appellees made an agreement with the son or Morton as authorized agents, when they had no authority, charge the appellant.

The appellees testified that the appellant told them when the contract was made, that, as one then said, "his son, James

D. Carson, and William H. Morton, would be there and see that the work was done properly," or, as the other put it, that Mitchell " was to look to Morton and James D. Carson for his orders."

It would be absurd to hold that either of these statements was intended or understood to be an immediate abandonment and abrogation of the special contract the parties had been at so much pains to make. The whole effect of them at most was to confer authority to accept work as a performance of the contract. It is unnecessary to go over the whole case, as, if it shall be again tried upon the theory of holding the appellant responsible only for what he authorized, the record will be unlike this one.

It is not meant that authority may not be proved by circumstances, but that in some way it must be proved.

Modifications of the instructions asked by the appellant are subject to the criticisms expressed in Stearnes v. Reidy, 18 Ill. App. 582, and Brunswick v. Strilka, 30 Ill. App. 186.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*