HALE ELEVATOR COMPANY

v.

GEORGE A. TRUDE, ADMINISTRATOR.

*Master and Servant—Injury to Servant—Negligence of Vice Principal*
*—Evidence—Instructions—Practice.*

1. Where, in hasty response to the command of a superior servant, an employe abandons his regular work, to add his strength to that of other emp'oyes to overcome a present exigency, and is injured, such compliance with orders will not be held to be negligence on his part.

2. Where a reviewing court can see from the entire case that an erroneous or inaccurate instruction given did not tend to mislead, the judgment will not be reversed.

3. Where there is no evidence from which the minimum requirement of an instruction can be found, it can do no harm in fact to maximize the requirement.

4. An instruction in behalf of the defendant in a personal injury case, should not aver that "if you find from the evidence that deceased *was killed by and through his own negligence and not the negligence of the defendant, as charged in the plaintiff's declaration,* then your verdict must be for the defendant."

[Opinion filed July 23, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. WALKER & EDDY, for appellant.

Mr. W. A. FOSTER, for appellee.

MORAN, P. J.   This is an appeal from a judgment rendered in favor of appellee in an action brought to recover damages for the death of one Millard Mutersbaugh, who was an employe of appellant, and who was killed, it is alleged, by reason of the negligence of appellant in failing to provide proper appliances and machinery for the construction of elevators.

The deceased was a skilled mechanic, and was, when the accident which resulted in his death occurred, engaged with other employes of appellant, in erecting elevators in the " Tacoma," a building some thirteen stories high.

In the erection of the elevators, cylinders had to be placed in position in the elevator shaft, which was done by placing one section of the cylinder upon another by means of a hoist which raised the sections (each section being about 1,000 pounds weight) to their places.   It was also necessary to place within

each cylinder a piston and piston-rod, weighing together some six hundred pounds, and this was done by raising the piston and rod, and lowering them into the cylinder from the top.

In the shaft there were two hoists, one heavy and substantial, the tackle consisting of large blocks and an inch and a quarter rope attached at the seventh floor to a beam eight inches square extending across the shaft. The other was a lighter rigging, consisting of a double block with a five-eighths inch rope and sustained at the thirteenth story of the building by two planks, one 10 x 2, the other 12 x 2, placed on top of each other and extending across the shaftway. This hoist had been used during the work to raise and lower the scaffold on which the men worked, up and down the shaft as the work required. In placing the cylinder sections together, varnish is put on the flanges and paper between the joints, and the weight of the section pressing down, forces the varnish and paper out from between the joints, and a ring of ragged paper and varnish is sometimes formed at the joint on the inside of a cylinder. The piston is made to fit tight into the cylinder, and sometimes in lowering it into place it would stick to this varnish and paper squeezed out at the joint of the cylinder, and in such cases it would require quite a strain to remove it.

At the time of the accident deceased was working at the top of one of the cylinders, and other workmen under the direction of the foreman, who had charge of the work, were placing the pistons in the cylinders. The general superintendent of appellant directed the foreman to use the light hoist in raising and lowering the pistons in the cylinders, and the foreman said that he was afraid it was not strong enough, but the superintendent replied, "try it," and thereupon the men were set at work with said hoist, and succeeded in placing some of the pistons with it, the first day of its use. On the second day, one of the pistons stuck, and the four men at the rope being unable to dislodge it, the foreman, who was working with deceased, called down the shaft for more men to pull on the rope, and no other men responding immediately to his call, he left the cylinder and went down stairs to get more men, telling the deceased as he left, to take hold of the rope which

passed down along the cylinder on which he was working, and help to pull, and deceased did take hold of the rope. The foreman got seven or eight men on the rope below and took hold himself, and the strain being too great, the planks to which the tackle was attached broke, and one of them, in falling, struck deceased on the head and killed him.

The hoists were both erected by the foreman, and there is evidence tending to show that the strength of the planks used in the light hoist was known to the general superintendent. In the erection of these appliances for the purpose of doing the · work, the foreman stood as principal to deceased, and any carelessness on his part was chargeable to appellant. That he doubted the sufficiency of the hoist for the purpose for which it was directed to be used by the superintendent, is clearly shown by his statement. That it was insufficient to meet the requirement of an exigency likely to occur in doing the work, is shown by the event. If the superior servants of appellant did not in fact know of this insufficiency, it is very clear from the evidence, that in the exercise of ordinary prudence, they should have known that the appliance was too weak to sustain the strain to which, in the lowering of any of the pistons, it might be subjected.

We think the jury were fully warranted in finding that appellant was guilty of negligence. The excuse that there was provided a sufficient hoist which might have been used, will not avail. The men were directed to use the light one, and that direction coming from one who at the time was in the place of the principal, implied that the apparatus was in all respects sufficient to do the work. ·Deceased had nothing to do with the erection of this hoist, and is not shown to have known how it was attached or the strength of its support. We find in the evidence no foundation for the inference that he was not, at the time of the accident, in the exercise of ordinary care. It is true, he added his own weight upon the rope, and may be said to have helped to break the plank that fell upon him, but he did it in obedience to the command of his superior, in hasty response to a direction to suspend his regular work and add his strength to that of the others to overcome a present exigency. Under such circumstances, com-

pliance with orders will not be held to be negligence on the part of the employe. C. & A. R. R. Co. v. May, Adm'r, 108 Ill. 288; Chicago Dredging & Dock Co. v. McMahon, 30 Ill. App. 358.

We are of opinion, therefore, that the verdict of the jury was right on the facts, and that it would be difficult to reach any other result than the one shown by the verdict.

Complaint is made of the instruction given to the jury. The only one given for the plaintiff has been specifically condemned by the Supreme Court in C. & N. W. Ry. Co. v. Dimick, 96 Ill. 46, and directly approved in Chicago, Milwaukee & St. P. R. R. v. Dowd, 115 Ill. 659. We do not regard it as settled that the instruction is a safe one to give in all negligence cases. Regard must be had to the whole series of instructions in testing it, and also to the evidence in the case. The apparent conflict in the cases above cited may be explained by the difference in the records of the two cases. Under some circumstances an instruction may have a tendency to mislead, which, under different circumstances, will be absent. In this case, considered in connection with the instructions given for the defendant, the instruction had no injurious tendency, and was not erroneous.

Error is predicated of the modification of one of defendant's instructions. The instruction as given is as follows, the words complained of being in italics:

"This is a case wherein the plaintiff sues as the administrator of the estate of Millard Mutersbaugh, deceased, to recover damages of the Hale Elevator Company, and the court instructs you that before the plaintiff can recover, the burden of proof is upon him, and he must show by the evidence that at the time of and immediately before the injury complained of was sustained by Millard Mutersbaugh, deceased was in the exercise of such care and caution for his own safety as a reasonably prudent man under the circumstances would have exercised; and if you find by the evidence that *the* deceased *was killed by and through his own negligence and not the negligence of the defendant, as charged in the plaintiff's declaration,* then your verdict must be for the defendant."

A similar proposition added to instructions given in the case of Stearns v. Reidy, was considered, and the error in it pointed out by this court in 18 Ill. App. 582.

It was there reiterated in several instructions, and the error in giving it was one among several grounds for reversal. The proposition is erroneous, because it increases the burden of the defendant, and in a case where the evidence would warrant the inference of contributory negligence on the part of the plaintiff, it would be difficult to overlook the error in giving it. Brunswick v. Strilka, 30 Ill. App. 186. But error will not always reverse.

Considering all the instructions given in connection with the evidence in the case, we are of opinion that the inaccurate proposition complained of did not mislead. Where a reviewing court can see from the entire case that an erroneous or inaccurate instruction given did not tend to mislead, the judgment will not be reversed. U. S. Rolling S. Co. v. Wilder, 116 Ill. 105; Endsley v. Johns, 120 Ill. 469.

We have already said that, in our opinion, there could be no inference of lack of ordinary care on the part of deceased, drawn from the evidence. Where there is no evidence from which the minimum requirement of an instruction can be found, it can do no harm to maximize the requirement.

There was a slight inaccuracy in modifying defendant's instruction as to the reasonable care and caution required of an employe in furnishing machinery and appliances, in so wording it as to imply that the appliances should be "reasonably safe." But what we have said with reference to the other instruction will apply to this.

The rule of law is fairly well stated in the instruction taken in whole, and the inaccuracy could not have misled.

We think the result reached by the trial court just, on the merits, and that there is no error in the record which requires this court to reverse the judgment, and it will therefore be affirmed.

*Judgment affirmed.*