FRANK ALBRECHT

v.

HAVIL H. KRAISINGER.

*Mechanics' Liens—Statute as to—Sec. 35—Contracts.*

1.  A contract under seal can not be changed by parol.
2.  Upon a petition for a mechanic's lien, no question of law being involved, this court declines, in view of the evidence, to interfere with the judgment for the petitioner.

[Opinion filed May 2, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. LOREN C. COLLINS, Judge, presiding.

Messrs. ADAMS & HAMILTON, for appellant.

Messrs. MURPHY & CAREY, for appellee.

GARY, J.  April 25, 1889, the appellee filed against the appellant a petition for a mechanic's lien, upon which he obtained September 29, 1891, a decree for $800.57, from which this appeal is prosecuted.

No human wisdom can tell whether that decree is in accordance with real justice.  The business between them has been so loosely done, and there is so much uncertainty about details and so much conflicting testimony, that it is impossible to feel satisfied that any result is right.

June 23, 1888, the appellant made with the appellee and one Novy what they meant as a contract under seal, by which it was supposed they undertook to build a house for him within three months for $7,850.  By its terms the house was to be built according to the plans, specifications and drawings (declared to be a part of it) made by the appellee, in a good, substantial and workmanlike manner, to the satisfaction of and under the direction of the appellee himself. Through the whole paper the duties which, under ordinary building contracts are devolved upon superintending architects, presumably for the protection of the owner, are imposed upon the appellee.

It is preposterous to suppose that the parties intended that the appellant should surrender himself so completely to the appellee.  The paper is so worded that Albrecht was to build, and Kraisinger and Novy were to pay, reversing their relations.  What plans and drawings were referred to was in dispute, and the appellant testified that no specifications were ever adopted.  It is true that the appellee produced some specifications as the true ones, and they contain the

provision that "should any extra work or changes be required, whereby the cost may be increased or diminished, all such changes must be determined and agreed upon before the change is made, and amount, whether an increase or decrease in cost, must be indorsed on the back of the contract. The appellee claimed for extras, and as the provision quoted was not complied with, the appellant insists that nothing could be allowed for them. We agree with him that a contract under seal can not be changed by parol. Kinsley v. Charnley, 33 Ill. App. 553; but the appellant can not claim under a document he denies. And besides there is here no contract between the parties under seal. As one of the circumstances, the paper they made is material in ascertaining what they intended, but the mistakes in it are so manifest that it can not by the most liberal construction be read as their contract. To so read it, is to say that they meant the reverse of what they wrote as to parts and could not have meant what they wrote as to other parts. It is therefore unnecessary to determine whether making specifications a part of a contract, incorporates into the contract language in the paper containing the specification, which is no part of the description of the work. The appellee put in evidence this:

"In consideration of $1, the receipt whereof is hereby acknowledged, and other valuable consideration, I hereby release Joseph Novy from any liability and obligation as partner or otherwise, under a certain contract entered into by him and one Kraisinger, to erect a building for me. The said Novy having completed his part of the work to my entire satisfaction, it is hereby understood that said Kraisinger alone will entirely complete the building and shall fulfill the remainder of the contract.

Dated this 10th day of October, 1888.

H. H. Kraisinger.   [Seal.]

I hereby agree to the above.

Frank Albrecht.   [Seal.]"

Like everything else in the case, there is a dispute about it; the appellant says he signed it, but claims that he was

misled as to its contents. On its face it is a release by appellant with the assent of the appellee, of Novy, and an undertaking by the appellee to complete the building, and so the petition for the lien was properly by the appellee alone.

September 25, 1888, the appellee presented to the appellant a statement, pursuant to Sec. 35 of the Statute of Liens, showing a large amount due to his sub-contractors and material-men, and there is no showing by either side as to what has been done with them. It was seven months thereafter that the petition was filed; those creditors had but three months in which to molest the appellant. If they had done so, the matter was specially within his knowledge. It is fair to presume that, even when the petition was filed, surely at the time of the hearing before the master in May, June and July, 1890, all their possible claims upon the appellant were extinguished. If he is no longer liable to them, his once liability is no defense.

The objection as to the lack of architect's certificates is not well taken. The words in the supposed contract are: "Hereby agree to pay to said parties the sum of $7,850, on certificates of superintendent, as the work progresses, to wit: — per cent of the estimated value of the same." A preceding part of the paper makes the whole sum payable by installments, the work being done to the satisfaction of the appellee. The words quoted do not make the certificate a condition precedent. They are too ambiguous, and the absurdity of the certificates by the appellee to himself is so gross that only unequivocal language could be held to require them.

On the whole case there is no principle of law disregarded or violated, and upon the facts, unless we can see that the result is wrong, we must take it to be right.

The decree is affirmed.

*Decree affirmed.*