## Robert Clark et al.
## v.
## Thomas Bird.

*Building Contracts—Extras—Agency.*

An agent whose office it is to see, on behalf of a building contractor, that contracts with the owner and sub-contractors are executed, has no authority to add to obligations such contractor has taken upon himself.

[Opinion filed December 31, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding.

Messrs. W. M. JOHNSTON and C. A. ALLEN, for appellants.

Messrs. JAMES B. GALLOWAY and ADOLPH TRAUB, for appellee.

MR. JUSTICE GARY. The appellants were original contractors for the erection of a building in Duluth, and the appellee contracted with them to do the plastering for $3,400; $3,150 of that price has been paid. Why the other $250 was never paid does not appear, unless it is to be inferred from the fact that some of the work was not done according to the specifications.

It does appear that the bill inclosed by the appellee's attorney to the appellants, before bringing suit, was only for extras amounting to $524.

The appellants replied that the balance due the appellee was $112.77, which they were ready to pay. The specifications, which by the written contract between the parties were declared to be a part of it, contained : " No extra bills shall be allowed unless the extra work intended to be covered by them was ordered in writing by the architect and specified by him as extra or additional work."

It is perfectly immaterial whether that clause thereby became part of the contract or not. We leave that question as we did in Albrecht v. Kraisinger, 44 Ill. App. 313.

If it was part of the contract it was never acted upon; if it was not, nobody having, so far as this record shows, any authority to charge the appellants, ever ordered or requested any extra work.

There is testimony that a partner of the architect told the foreman of the appellee to do whatever the superintendent of construction employed by the appellant should order, and that the superintendent ordered the extras. This is not enough to charge the appellants. They made their own contract with the appellee. An agent of theirs, whose office was to see that their contracts with the owners and subcontractors were executed, had by that office no authority to add to the obligations they had taken upon themselves.

Carson v. Mitchell, 41 Ill. App. 243; Adlard v. Muldoon, 45 Ill. 193.

There is no justification in this record for a verdict and judgment of $625.

If the appellee wishes a judgment here for the $112.77 admitted by the appellants to be due, and will enter a remittitur of the excess within thirty days after this opinion is filed, we will affirm for that sum; otherwise the judgment will be reversed. In either event at the cost of the appellee.

*Judgment reversed.*