## Patrick Canning v. Neil McMillan.

1. PRACTICE—*Taking the Case from the Jury.*—In an action for personal injuries resulting from an accident, where the evidence has a tendency to show that the accident was the result of orders given by the foreman in charge of the work and of the men employed upon it, it is error to take the case from the jury.

Memorandum.—Action for personal injuries. In the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict for defendant by instruction of the court; error by plaintiff. Heard in this court at the October term, 1894. Reversed and remanded. Opinion filed November 12, 1894.

Canning v. McMillan.

BRIEF FOR PLAINTIFF IN ERROR, KRAFT, WILLIAMS & KRAFT,
ATTORNEYS.

The main contention of the plaintiff in error is, that the court erred in instructing the jury to find a verdict for the defendant at the close of the plaintiff's case.

In Simmons v. Chicago & T. R. R. Co., 110 Ill. 346, the court uses this language: " There may be decisions to be found which hold that if there is any evidence—even a scintilla—tending to support the plaintiff's case, it must be submitted to the jury. But we think the more reasonable rule, which has now come to be established by the better authority, is, that when the evidence given at the trial, with all the inferences that the jury can justifiably draw from it, is so insufficient to support a verdict for the plaintiff that such a verdict if returned must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant."

This rule is laid down by a divided court, three of the justices dissenting therefrom. While in the main it has been followed, it has been with some apparent modification. In Dome v. Lockwood, 115 Ill. 494, 495, the court say: " Instructing the jury to find the issues for the defendant is in effect the same thing as sustaining a demurrer to the evidence. In either case the court holds that admitting all the evidence tends to prove, it is not sufficient in law to sustain the action."

In Bartelott v. International Bank, 119 Ill. 272, the court say, referring to Simmons v. Chicago & T. R. R. Co.: " It is apparent that ' evidence tending to prove ' means more than a scintilla of evidence, but evidence upon which the jury could, without acting unreasonably in the eye of the law, decide in favor of plaintiff or the party producing it. It is not intended by this practice that the function of the jury to pass upon questions of fact is to be invaded," etc.

In Penn Co. v. Vackes, 133 Ill. 264, the court say: " An instruction of this character should not be given unless, admitting all that the evidence tends to prove, it is sufficient in law to sustain the action."

In Collar v. Patterson, 137 Ill. 407, the court say: " An

instruction to that effect can, however, only be sustained when, as a matter of law, admitting all facts which the evidence of the plaintiff proves or tends to prove, and wholly ignoring all that introduced by the defendant, the court can say, the plaintiff has failed to make out his case;" and in Ames & Frost Co. v. Strachurski, 145 Ill. 197, the court say: "If, then, there was any evidence in the case having a substantial tendency to sustain the plaintiff's cause of action, it was the duty of the court to submit it to the jury." See also Purdy v. Hall, 134 Ill. 303; Ambler v. Whipple, 139 Ill. 322; Wis. Cent. R. R. Co. v. Ross, 142 Ill. 13.

APPELLEE'S BRIEF, WALKER AND EDDY, ATTORNEYS.

"Where the whole evidence introduced by the plaintiff, if believed by the jury, is so insufficient to support a verdict that the court would not permit one to stand, it is the duty of the court to instruct the jury as a matter of law that there is not sufficient evidence to warrant a verdict for the plaintiff." Sheldon, C. J., in Phillips v. Dickinson, 85 Ill. 11.

To the same effect: Reed v. Durfed, 8 Allen (Mass.) 524; Stuart v. Simpson, 1 Wend. (N. Y.) 376; Park v. Ross, 11 How. (U. S.) 362; Martin v. Chambers, 84 Ill. 579.

"Whether there is any evidence tending to prove any given material allegation of a declaration, is a question of law for the court to determine. Where there is any one essential allegation of a declaration which has no proof tending to support it, it is the duty of the court to exclude from the consideration of the jury all the evidence in the case, or to charge the jury that there is no evidence to support the supposed essential allegation of the declaration, and that for want of such proof they must find a verdict for the defendant. It is, in the first place, the province of the court to determine, as a matter of law, whether there is any essential allegation of the plaintiff, in support of which no evidence has been proven. Where this is the case, there is no question of fact to be submitted to the jury." By Dickey, J., in Poleman v. Johnson, 84 Ill. 269; Frazer v. Howe, 106 Ill. 573.

To the same effect: Railroad Co. v. Goodman, 62 Pa. 329; Tourtelott v. Rosebrook, 11 Metc. 460; Losee v. Buchanan, 51 N. Y. 476; McCully v. Clark, 40 Pa. 399; Orlud v. T., H. & I. R. R. Co., 111 Ill. 202; Simmons v. C. & T. R. R. Co., 110 Ill. 340.

"If there is no evidence before the jury, on a material issue, in favor of the party holding the affirmative of that issue, on which the jury could, in the eye of the law, reasonably find in his favor, the court may exclude the evidence, or direct the jury to find against the party so holding the affirmative." Frazer v. Howe et al., 106 Ill. 563, 573.

See also L. S. & M. S. Ry. Co. v. O'Connor, 115 Ill. 254; Bartelott v. International Bank, 119 Ill. 259; Commercial Ins. Co. v. Scammon, 123 Ill. 601.

Mr. Justice Shepard delivered the opinion of the Court.

The plaintiff in error was engaged as a workman on a building in Chicago which was in process of erection by the defendant in error, as contractor therefor.

A large stone, weighing from nine hundred to a thousand pounds, had been put in place as a window cap about thirteen feet above the ground, and was directed to be removed.

The stone had been put in place by being pulled up a skidway extending from the ground to the top of a scaffold about fourteen inches lower than the bed of the cap stone, and from there the stone was rolled and pushed up shorter skids into its place. The scaffold was built upon joists that projected from the inside of the building through the same window and rested upon the window sill.

It was proposed to remove the cap stone by the same means that had been resorted to to put it in place, and the first step in the process was to roll the stone from its resting places onto the short skids and thence to the platform of the scaffold.

Three men including the foreman had begun the work of removal when the plaintiff, who had been ordered from work on another part of the building to assist in removing the stone, got upon the scaffold. As he stepped upon the scaffold the foreman and one of the men were working the

stone to get it loosened, working it back and forth—one at each end of it—and the other man was holding the short skids so they would remain steady when the stone should come upon them.

The plaintiff immediately saw that the stone was wavering, and spoke out: "You want to be careful how you handle that stone, it is going in a queer way;" and the foreman answered, "You come on to your work; it is none of your damned business; I am running this thing." The words were scarcely spoken before the stone rolled over and fell inside the building, striking and breaking off the joists that supported the scaffold, whereupon the scaffold and the plaintiff were precipitated to the ground, and he received the injuries for which he has sued.

At the conclusion of the plaintiff's case the court on motion of the defendant excluded the evidence given on behalf of the plaintiff and instructed the jury to find for the defendant, which was done and judgment entered accordingly. From that judgment this writ of error is prosecuted.

It was error to take the case from the jury. The evidence had a tendency to show that the accident was the result of orders given by the foreman in charge of the job and of the men employed upon it, after warning of the danger, and although the evidence was slight, still it was sufficient for the jury, and for the jury alone, to pass upon. If the jury should find that the accident was the result of such orders by the foreman a case would be made out.

The question comes clearly within the rule of Chicago Dredging and Dock Company v. McMahon, 30 Ill. App. 358, following C. & A. R. R. Co. v. May, 108 Ill. 288. Reversed and remanded.