60  519<br>163s 459

## Frazer & Chalmers v. Fritz Schroeder.

1. MASTER AND SERVANT—*Responsibility for the Consequences of Obedience to Those in Authority.*—An employe acting under the orders of a foreman, to perform a certain piece of work with help selected by himself, is thereby placed in authority over such help, and for the consequences of obedience to any orders given by such employe, the master is responsible.

2. EXCESSIVE DAMAGES—*$3,500 is Not.*—The plaintiff was fifty-one years of age. His wages were $1.50 per day. The result of his injury was to diminish his ability to labor one-half. He suffered, still suffers and will continue to suffer, much pain. *Held*, $3,500 not excessive.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

R. L. TATHAM, attorney for appellant.

McCRACKEN & CROSS, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant is, on this record, a corporation. The appellee a common laborer who worked for it.

A foreman in the machine shop of the appellant directed another laborer named Blae to get some help and take a casting, weighing about five tons, from a wagon. Blae called three other laborers, among them the appellee, to help.

The casting was to be swung from the wagon by a crane, of the construction of which the record does not contain a very complete description, but, as we gather, it might be blocked when a weight was suspended by it in either or both of two ways—that is, by a ratchet and dog or pawl, or by slipping a pinion in between two gears, one intended for heavy, and the other for light loads, and when that pinion was slipped between the two gears, so as to engage with both, the crane was blocked. That pinion was moved by a lever sliding upon a horizontal bar which had in it three notches. When the lever was in one notch, the crane was in working position for heavy loads, when in another for light loads, and when in a notch between the other two, the crane was blocked. How that result followed, if neither gear was dogged, does not appear; but on the trial a drawing, accompanied by explanations by a mechanical engineer as a witness, which drawing the abstract does not show, was before the jury.

A laborer named Buchin was at the lever. The casting having been lifted some inches, Blae said, " Stop the crane." Buchin pulled the lever, intending, probably, to put it in the middle notch, but pulled it too far, putting the crane into position for light loads. The effect of that was that the cranks were reversed, and the appellee having hold of one of them, was struck by it and severely hurt.

Buchin, as a witness, did not know that he had ever before stopped the crane, and there was no testimony that he ever

Frazer & Chalmers v. Schroeder.

did. The theory upon which appellee has recovered, is, that the appellant put at that lever a servant incompetent to be charged with the duty of operating it, with notice of such incompetency.

Blae, acting under order of the foreman to do a certain thing, with help selected by himself, was thereby placed in authority over such help. If four act together for a pur. pose requiring the exercise of force, and their joint, united and simultaneous efforts are required to accomplish the purpose, one must, in the nature of things, direct. Blae then was in the same relation to the help he had called that Fricke was to May, in Chi. & Alt. R. R. v. May, 108 Ill. 288.

For the consequences of obedience to any orders given by Blae, the appellant is responsible. Hale El. Co. v. Frude, 41 Ill. App. 253.

There is no question of negligence of a fellow-servant in the case. Obedience to one in authority is the ground of the case of the appellee.

There was evidence that the construction of this crane was such that the jury might find that mechanical skill was necessary to understand it, and therefore to operate it; and the verdict of the jury is to be taken as an intelligent and impartial result from a consideration of all the evidence, unless the contrary fairly appear.

Blae knew that Buchin was but a common laborer, had no reason to believe that if the management of the lever required mechanical skill he understood it, and put him at the lever with no instruction.

If, then, the incompetency of Buchin, resulting from the fact that he was but a common laborer, was the cause of the injury to the appellee, he is entitled to recover.

There is no evidence or claim by appellant of any want of ordinary care by appellee, nor of any notice to him that Buchin was not competent. In fact, the appellant contends that any ordinary man would understand the crane if he had never seen one similar before. If that hypothesis be not true, then it follows that as the appellee had no notice that Buchin was not a competent laborer, and had no notice

that any mechanical skill was necessary, the appellant is liable. The case is argued here wholly upon the facts; firs. as to liability, and second as to amount of damages.

The views already expressed dispose of the first ground.

On the second, appellee was fifty-one years old. H's wages were $1.50 per day. His ability to labor is dimir.ished one-half. He has suffered, still suffers, and will continue to suffer, much pain.

We can not regard $3,500 as an extravagant award cf compensation. C., M. & St. P. Ry. v. Wilson, 35 Ill. Apr. 346.

The judgment is affirmed.