# Fraser & Chalmers (a Corporation) v. Edward Collier.

1. MASTER AND SERVANT—*A Master is Liable for the Negligent Exercise of his Power by a Superintendent.*—Where an accident results from a negligent and unskillful exercise of the power of a superintendent over men under his charge the master will be liable.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1897. Affirmed. Opinion filed April 8, 1898.

## STATEMENT OF THE CASE.

This is an action to recover damages for personal injuries alleged to have been suffered by appellee while in the employ of appellant, in November, 1894.

Appellee was employed as a laboring man, shoveling, carrying pig iron, picking up scraps, unloading sand, coke and coal, and in general work about the yard. At the time of the accident he was engaged with others in sinking a large tank beside the power house, under direction of a foreman. The tank was made of boiler iron, was about six feet in diam-

eter, and was " supposed to be sixteen feet deep." The work had progressed so far that the tank had been sunk about eight feet, leaving about eight feet of its exterior surface above ground.   Meeting some obstruction it was " canted " to one side, and it became necessary to lift and move it somewhat to avoid the obstruction.   For this purpose an apparatus was erected under the direction of the foreman. A timber was made fast to the roof by putting one end of it through a skylight and the other end projected "eight or ten or possibly· twelve feet out in the yard." The timber or beam referred to is variously described as having been either 8x8, 10x10 or 12x12 in dimensions, and is stated by appellee to have been a piece of old derrick timber.  Appellee, in connection with two other men, put the timber in place, and the end projected over the tank.   Two tackles were rigged to this beam overhead; one a large chain tackle and the other a smaller one, with the intention of using them to " pick the tank up and crowd it slightly toward the wall."   While this work was being done the general superintendent returned.   The foreman  went up the ladder, looked at the tackle, and addressing the superintendent said :   " If you think this is not strong enough to raise the tank I will put some braces under the end to strengthen it; " to which the reply of the superintendent was, in substance, that it was " plenty strong enough to raise that tank.  It only weighs so much.   You go and tend to your business and I will tend to this."   With that the foreman went into the foundry and the general superintendent said to the three men, one of whom was appellee :   " Go up and put a plank across the tank to stand on, and give a pull on the rope to see what we can do."   The three men did so, and, as appellee states, after giving " about three pulls on the rope," while standing on the plank laid across the tank, the timber or beam to which the tackle was fastened broke off close against the power house, causing the blocks and chain tackle to fall upon the plank on which the three men were standing, breaking it in two, and throwing the men to the bottom, a distance of about sixteen feet.   Appellee was struck

by some part of the apparatus, which, according to his own testimony, "caught him in the head," cutting it, injuring his eye, and, as he says, hurting both his back and his knee. There was about four feet of mud and water in the bottom which the foreman describes as soft slush and mud.

No evidence was offered by appellant as to the cause of the accident, and the general superintendent of appellant was not called as a witness.

The jury awarded appellee $1,000, and judgment was entered accordingly.

WALKER & EDDY, attorneys for appellant.

EDWARD R. WOODLE, attorney for appellee.

MR. JUSTICE FREEMAN, AFTER MAKING THE ABOVE STATEMENT, DELIVERED THE OPINION OF THE COURT.

Appellant seeks to reverse this judgment, upon the ground, first, that appellee assumed the risk; and, second, that the judgment is excessive.

The evidence does not warrant a reversal upon the ground that appellee voluntarily incurred a known danger. He was employed as an ordinary laborer about the yards. There is no evidence that he ever had any experience which would enable him to form any opinion as to the weight of the tank to be lifted, the resistance it would encounter by reason of being sunk in the soil and from the pressure of the earth caved in about it, or whether the beam was strong enough to support the weight. The attention of the superintendent was called to the beam in the presence of appellee, not by a suggestion that it was dangerous, but by an offer on the part of the foreman to strengthen it, if he, the superintendent, thought it necessary to do so. The superintendent replied, with some impatience, that it was strong enough, and then ordered the men, including appellee, to put a plank across the tank to stand on, and see what they could do in the way of lifting the tank. The accident followed immediately upon obedience to the order. There

was nothing in the suggestion of the foreman to the superintendent that would indicate to the appellee at the time that he was about to incur any unusual hazard. But the incident did suggest to the superintendent that there might be a question as to the strength of the beam being sufficient for the purpose, and it was his business to use all reasonable care to see that the appliance was safe before exposing the employes to danger therefrom. His failure to do this exposed appellee to a risk—extra hazardous in its nature—which appellee did not assume as part of his contract of service. The accident resulted, as is said in Chicago & A. R. R. Co. v. May, 108 Ill. 300, from "a negligent and unskillful exercise" of the power of the superintendent over the men under his charge, for which appellant is liable. Hale Elevator Co. v. Trude, 41 Ill. App. 253; Consolidated Coal Co. v. Haenni, 146 Ill. 614.

The objection that the judgment is excessive is perhaps more serious, in view of the nature of the evidence bearing upon the extent and character of the appellee's injuries. The measure of damages in the case can only be compensation for injuries actually sustained. If it be true, as stated by appellee, that his head was badly cut in two places; that his back was so injured that he has been and is unable to do any regular work because of such injuries; that he was "hurt in the spine" so that he still suffers from it and is unable to engage in any occupation which requires him to stoop over at all; that he could not keep a job because he is "crippled up" and can not work; that he still has pains in his back and that his head hurts and "makes him dizzy;" all by reason of the fall and the cuts upon his head received at the time, then the verdict can not be regarded as excessive; certainly not so much so as to indicate passion or prejudice on the part of the jury. Appellant produced a considerable number of witnesses who testified that appellee returned to work a few days after the accident, and that he showed no indications of inability to do his usual work, and made no complaint so long as he remained in the employ of the appellant. If we were sitting as a jury we might, perhaps,

have reached a different verdict upon this evidence. But the jury and the court below saw and heard the witnesses. If they believed appellee's evidence in spite of the adverse testimony, the jury were justified in bringing in a verdict accordingly, and we can not say that in this case it is excessive.

The judgment must be affirmed.