DAVID B. WATT, Plaintiff in Error, v. ELIAB B. KIRBY, Defendant in Error.

ERROR TO SCOTT.

The limitation act of the 10th of February, 1849, was intended to have a prospective operation only.

Where credit was originally given to one of two partners, the creditor cannot hold both liable, although both may receive the benefit of the transaction.

Where testimony is so equally balanced, that no conclusion can be drawn from it, it is the duty of the jury to decide against the party who holds the affirmative of the issue.

A party who makes an affirmative allegation, must maintain it by proof, or the finding must be against him. His proof must be superior to that offered by his adversary.

THIS cause was heard at April term, 1853, of the Scott Circuit Court, WOODSON, Judge, presiding.

M. McCONNEL, and N. M. KNAPP, for plaintiff in error.

D. A. SMITH, for defendant in error.

TREAT, C. J. This was an action of debt, brought by Kirby against D. B. Watt, surviving partner of D. Watt & Son. The declaration contained the common counts. The defendant pleaded *nil debet;* and that the cause of action did not accrue within five years. The court sustained a demurrer to the latter plea. It appeared in evidence, that D. Watt run a flouring mill for some time on his own account, and that D. B. Watt was employed by him about the mill; that they afterwards formed a partnership under the style of D. Watt & Son, and run the mill on account of the firm; that Kirby was in the habit of buying wheat, and having it delivered at the mill; that it was the custom to give receipts for the wheat, and for the parties to settle thereby; that Palmer delivered a quantity of wheat at the mill for Kirby, but it did not appear whether any receipt was ever given for it. The proof left it very doubtful whether this wheat was delivered at the mill before or after the formation of the partnership; and whether it was included in any settlement made between Kirby and D. Watt, or D. Watt & Son. The plaintiff claimed to recover the value of the wheat delivered by Palmer. The court instructed the jury, at the request of the plaintiff, " that if the wheat was originally

Watt v. Kirby.

contracted for with D. Watt, but was delivered to D. Watt & Son, and went to their use, then the defendant, as surviving partner, is bound to account to the plaintiff for the same; and unless he proves that it has been paid for, the plaintiff is entitled to recover. The court refused to instruct the jury, at the instance of the defendant, " that to enable the jury to find a verdict for the plaintiff, they must believe from the evidence that the wheat was sold and delivered by him to the firm of D. Watt & Son; and if the testimony in the case leaves the question equally doubtful, whether the wheat was sold and delivered to D. Watt before the partnership with his son, or to D. Watt & Son, after the partnership, then they must find for the defendant." The verdict and judgment were in favor of the plaintiff.

1. The demurrer was properly sustained to the plea of the statute of limitations. Before the passage of the act of the 10th of February, 1849, there was no limitation to actions of debt upon simple contract. That act required such actions to be brought within five years, but it was intended to have a prospective operation only. This suit was commenced within five years after the 13th of April, 1849, the time when that act became operative. The bar was therefore not complete. See the case of Trustees of Schools v. Chamberlain, 14 Illinois, 495.

2. Where credit is originally given to one partner, the creditor cannot hold the partners liable, although they may receive the benefit of the transaction. The debt being separate in its inception, does not become joint by the subsequent application of the funds to the purposes of the partnership. We do not consider the instruction given for the plaintiff as impugning this principle. It appeared that an arrangement existed between the plaintiff and D. Watt, by which the former purchased wheat and had it delivered at the mill carried on by the latter; and that the same course of business was pursued after the mill passed into the hands of the partners. The partners were not chargeable for any wheat delivered at the mill before the partnership was formed, although it may have gone to their use. The liability attached to D. Watt on the delivery of the wheat, and could not be transferred to the partners without their express consent. The credit was given to him, and not to the partners. But the case is different in respect to grain delivered to the partners, although it may have been delivered in pursuance of the previous general arrangement. No credit was given to D. Watt when the arrangement was made. It was the delivery alone that rendered him liable. The partners are clearly liable as original contractors for any grain delivered to

them.    They received it on their joint account, and not on behalf of D. Watt individually.    The credit was given to them, and not to him.

3. The court erred in refusing the instruction demanded by the defendant.    It is the duty of a jury to weigh the evidence, and decide the issue as the evidence may preponderate.    But a case may occasionally arise where the testimony is so equally balanced, that no conclusion can be drawn from it.    In such case, it is clearly their duty to decide against the party who holds the affirmative of the issue.    The scale must incline to his side, before he is entitled to a favorable decision.    A party who makes an affirmative allegation, must maintain it by proof, or the finding must be against him.    He must establish the truth of the allegation.    It is not enough that his proof may be equal to that of his adversary.    It must be superior.    In this case, the plaintiff alleged that the grain was delivered to the partners, and it was incumbent on him to make good the allegation.    If the evidence tended equally to show a delivery to D. Watt, the defendant was entitled to a verdict.    In such event, the affirmative allegation of the plaintiff was not established.    Further testimony was necessary to destroy the equilibrium, and turn the scale in his favor.    So if the grain was delivered to the partners, the burden of proving payment would rest on the defendant; and if he failed to show payment by a preponderance of testimony, the plaintiff would be entitled to judgment.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*