PHILIP CAMPBELL, Plaintiff in Error, *v.* SARAH HARRIS, Executrix, etc., Defendant in Error.

ERROR TO HANCOCK.

The action of debt, on promissory notes, which were made, and the causes of action on which accrued out of this State, and before the passage of the act of Feb. 10, 1849, is not affected by any statute of limitation in force in this State.

THIS was an action of debt commenced on the 22nd day of February, A. D. 1861, by Sarah Harris, executrix, etc., against Philip Campbell, upon a note of hand, as follows, viz. :

On or before the 25th day of December, 1841, I promise to pay Isaac Harris or order, Seventy-five Dollars, for value received, this 26th day of September, 1840. PHILIP CAMPBELL. [SEAL.]
Attest, G. F. HILL.

Declaration thereon in usual form, to which the defendant Campbell filed his third plea, as follows :

For further plea, defendant says *actio non*, because he says, that said promissory note was executed and the cause of action herein accrued, beyond the limits of this State, prior to the 13th day of April, 1849, and that the period of five years since 13th April, 1849, had elapsed before the commencement of this suit ; and this he is ready to verify, etc., wherefore he prays judgment, etc.

To which plea said plaintiff Harris filed his general demurrer, upon which issue was joined by Campbell.

The court sustained said plaintiff's demurrer, and the defendant abided.

The court rendered judgment against defendant for $75 debt, and $90.75 damages.

Whereupon the said Campbell assigns the following errors :

The court erred in sustaining the demurrer to the third plea.

The court erred in rendering judgment against the plaintiff in error.

G. EDMUNDS, JR., for Plaintiff in Error.

The note sued on was barred by the statute of limitations. Scates, Treat & Blackwell's Statutes, 751—753.

The defendant's third plea was good in substance to bar the action.

MACK & DRAPER, for Defendant in Error.

The declaration in this case shows, that the note sued on was given September 26, 1840, and due December 25, 1841.

The plea sets up a limitation of the action, by the act of the 10th of February, 1849.

The act of the 10th of February, 1849, so far as it related to actions of debt, was repealed by the act of November 5, 1849.

The act of February 17, 1851, reviving the act of February 10, 1849, in regard to certain causes of action, does not include actions of debt on promissory notes.

The act of March 3, 1845, barred actions of debt on promissory notes.

The act of February 10, 1849, is prospective, and does not apply to causes of action which accrued before its passage. *Thompson* v. *Alexander*, 11 Ill. 54 ; 14 Ill. 485 ; 15 Ill. 200.

The plea set out in the record is not entitled in this cause, and is not a plea in the case. *Swift et al* v. *Carver et al.*, 20 Ill. 581 ; 25 Ill. 284.

Caton, C. J. This was an action of debt, commenced on the 22nd day of February, 1861, upon a promissory note, which matured on the 25th of December, 1841. The plea was the statute of limitations, and that the cause of action accrued beyond the limits of this State, and the question presented must be resolved by the inquiry whether we had any statute of limitations applicable to such a case prior to the act of the 10th of February, 1849. This last statute provides that all actions on " any promissory note " which were entered into or accrued beyond the limits of this State, should be barred within five years, and it repeals all previous inconsistent laws. This act, if it remained in force, would be a bar to the action. The fourth section of the act of the 5th of November, 1849, provides " that nothing within this act, nor said amendatory act, (which is the act of 10th of February, 1849), shall be so construed as to limit or affect the right of action upon any matter of indebtedness, or cause of action, existing or accruing before their several enactment." Now this was a cause of action which existed at the time of the enactment of the act of the 10th of February, 1849, and the limitation prescribed by that act commenced to run on the 13th day of April, 1849, when it took effect, as was decided in *Watts* v. *Kirby*, 15 Ill. 200. So the act of November, 1849, repealed the act of February, 1849, so far as it could apply to this cause of action. Then comes the act of 17th February, 1851, prescribing, in the second section, " That all causes of action existing at the time, or which had accrued prior to the thirteenth day of April, one thousand eight hundred and forty-nine, when the first of the above recited acts became a law,

and for the barring of which there was no previous statute, shall be governed by the provisions of that act, the time limited thereby commencing to run from and after said act became a law." This brings us back to the proposition stated in the outset. Did our statutes, prior to February, 1849, apply to a promissory note which was executed, and the cause of action upon which arose beyond the limits of this State, for if they did not, then by the express provisions of the section quoted, the act of February, 1849, was revived and made applicable to it, but if they did, then it is not subject to this statute.

The statute relied upon, is the fourth section of the sixty-first chapter of the Revised Statutes. That section provides that " every action of *debt* or covenant founded upon any single or penal bill, promissory note or writing obligatory for the direct payment of money, or the delivery of personal property, or the performance of covenants, or upon any award under the hands and seals of arbitrators for the payment of money only, shall be commenced within sixteen years after the cause of action shall have accrued, and not after." This case is undoubtedly embraced within the provisions of this statute. It is an action of debt upon a promissory note, and we see no way of reasoning it out of the statute. The saving clauses to that chapter of the Revised Statutes, are found in the twelfth, thirteenth and fourteenth sections, and there is not one word in them, saving causes of action which accrued out of this State. The twelfth section provides for cases where the limitation expires *pendente lite.* The thirteenth section suspends the running of the statute during the time the defendant is absent from the State ; and the fourteenth section saves the rights of infants, *femes coverts* and persons *non compos.* None of these saving clauses apply to this case, and we see no way of avoiding the conclusion, that that statute must be allowed to work its way upon this cause of action. It did bar this action within sixteen years from the time it took effect, in March, 1845. But the act of February, 1849, created a bar to the same action in five years, and repealed all inconsistent previous acts, and hence repealed this act of March, 1845.

As before seen, the act of February, 1849, was repealed by the act of November, 1849, so far as it related to causes of action which had accrued before the passage of that act, leaving the action of debt upon promissory notes made, and the causes of action on which accrued, out of the State, and before the passage of that act, unaffected by any statute of limitation in force in this State. Then the act of the 17th of February, 1851, which revived the act of February, 1849, excepted from its operation all causes of action, for the barring of which there was a previous statute existing, and as we have now found there was such a statute actually operating upon this cause, it was consequently excepted, so that as to it, the act of February, 1849, has never been revived, and there has been no act since which has created a limitation affecting it.

The Circuit Court was correct in its conclusion, that in this mass of legislation, repealing and reviving old laws, and enacting new ones, this particular case has dropped out, no doubt inadvertently, and hence sustained the demurrer to this plea.

The judgment must be affirmed.    *Judgment affirmed.*