## FRANCIS WITTRAM
### *v.*
## ABRAM VAN WORMER.

1. PARTNER — *when unable to bind the firm.*  Without the consent of his
copartners, one partner cannot bind the firm of which he is a member by
giving the firm note in satisfaction of his personal indebtedness.

2. So, where two parties formed a partnership, one putting in as stock his
saw-mill and a quantity of saw-logs, and the other an equivalent in money, it
was *held*, that the first party could not bind the firm by giving the firm
note for a balance due upon the saw-logs, although the firm received the
benefit of the logs.

APPEAL from the Circuit Court of St. Clair county; the
Hon. JOSEPH GILLESPIE, Judge, presiding.

The facts in this case are sufficiently stated in the opinion
of the court.

Mr. WM. H. UNDERWOOD, for the appellant.

Mr. N. NILES, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by Van Wormer against De
Clausel & Wittram, upon the following note :

" $979.86.                    ST. LOUIS,             18  .

after date we promise to pay to the order of ourselves $979.86 for value received, negotiable and payable without defalcation or discount.

DE CLAUSEL & WITTRAM."

Indorsed, "DE CLAUSEL & WITTRAM."

On the trial the plaintiff, Van Wormer, testified that he was formerly in partnership in running a saw-mill with the defendant De Clausel; that, in March, 1860, he went out of the firm, and afterward the defendant, Wittram, took his place, constituting the firm of De Clausel & Wittram; that they dissolved their partnership on the 1st of January, 1861; that, on the 20th of December, 1860, De Clausel gave this note to witness in payment of the balance due on a quantity of logs sold by him to the firm of De Clausel & Wittram, at the formation of their partnership.

The defendant, Wittram, testified that he never saw or heard of the note until this suit was brought, in 1867, and that the logs in question were a part of the stock put into the firm by De Clausel, on the formation of the partnership of De Clausel & Wittram; that he put in $3,418 in cash, and De Clausel put in the logs and mill.

The question in the case is, whether the sale of the logs by Van Wormer, at the dissolution of the old partnership, was to De Clausel alone, or to the firm, afterward formed, of De Clausel and Wittram.

On the trial the defendant asked the court to instruct the jury as follows:

" One partner has no right to give the note of the firm for his own private debt, without the consent of his copartners; and if this note was given by De Clausel to pay for logs, etc., which De Clausel put in the firm as a part of his (De Clausel's) capital stock, then the jury should find for defendants, unless Wittram consented to the making and indorsing of this note."

The instruction was refused.

Probably, the court refused this instruction, from the opinion that the same idea had been sufficiently expressed in another. We think, however, it should have been given, as it presented to the jury the true point in controversy more distinctly than it was presented in any other instruction. On the evidence the case is exceedingly doubtful. It is clear, from the testimony of the plaintiff himself, that the logs were sold by him when the old firm was dissolved. If they were purchased by De Clausel, in order to furnish his part of the capital stock of the new firm, and on his individual credit, the fact that the new firm received the benefit of the logs would not render the firm liable, nor would De Clausel alone have the power to bind it by the subsequent note. *Watt* v. *Kirby*, 15 Ill. 201. This was the meaning of the refused instruction; and, in view of the very conflicting evidence, we think there should be another trial, in which this point can be explicitly stated to the jury.

*Judgment reversed.*