## ·David A. Titcomb, Impleaded with Elbridge S. Pratt, v. George W. Straight.

1. PLEADING—*Pleas Purporting to Answer the Whole Declaration While Answering Only a Part.*—A plea which assumes in the introductory part to answer the whole declaration, and yet is pleaded only to a part, is bad.

**Memorandum.**—Assumpsit.   Error to the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding.   Submitted at the October term, 1894.   Affirmed.   Opinion filed January 10, 1895.

L. H. Bisbee and W. N. Gemmill, attorneys for plaintiff in error.

Allen, Payne & Blake, attorneys for defendant in error.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

This was an action by the indorsee of two promissory notes, bearing the signature of Titcomb & Pratt.

The appellant, Titcomb, filed his plea of the general issue with an affidavit of merits.

From the statements of his counsel, made during the trial of the cause and a brief here filed, it appears that appellant claimed as a defense, that his partner, Pratt, for his individual benefit, and not for the benefit of the firm, made the notes in question; that the firm received nothing therefor, and that the indorsee knew of this when he received the notes.

The cause having been placed upon the short cause calendar and being called for trial, appellant asked leave to file his verified plea, setting forth that " he did not make and deliver the writing in the said declaration mentioned, in manner and form as the plaintiff has above in that behalf alleged."

To which of the writings, two promissory notes, men-

tioned in the declaration, this plea was intended to be or is applicable, we are unable to tell. It clearly was not designed as a plea to the common counts of the declaration, and was for that reason also insufficient. It assumed, in the introductory part, to answer the whole declaration, and yet in truth is pleaded only to a part. Harpham v. Haynes, 30 Ill. 395 ; Chitty's Pleadings, 549.

There was no error in refusing to permit the filing of this plea, and judgment was properly given for the plaintiff, there being on file no plea appropriate for the defense appellant desired to make. The judgment of the Superior Court is affirmed.