### John Greene, Assignee of Pritchett & Trexler, et al., v. A. Casey et al.

1.   MARSHALING ASSETS—*Partnership and Individual Liabilities.*— It is a familiar rule in marshaling assets that partnership assets shall be taken in discharge of partnership liabilities and individual assets in discharge of individual liabilities.

Voluntary Assignments.—Appeal from the County Court of Montgomery County; the Hon. M. J. McMURRY, Judge, presiding.  Heard in this court at the November term, 1899.  Reversed and remanded.  Opinion filed December 20, 1899.

LANE & COOPER, attorneys for appellant.

J. M. TRUITT, attorney for appellees.

Statement.—Prior to April 8, 1898, Martha Pritchett and Lewis Trexler were engaged in merchandising at Fillmore, Illinois, under the name of Pritchett & Trexler. On that day Martha Pritchett died, and Trexler continued

the business under the firm name until July 12, 1898, when he made an assignment for the benefit of creditors. John Greene was appointed as assignee and duly qualified as such.

In the County Court of Montgomery County, the court taking administration of the insolvent estate, it was found that the firm on the 12th of July, 1898, was indebted to various creditors for goods purchased prior to the 8th of April, 1898, in the sum of $2,335.91; that the indebtedness for goods purchased by Trexler between the 8th of April and the assignment was $2,732.45, and that Trexler's individual indebtedness was $392.86. In that finding the court did not include a judgment of about $800 in favor of the McKee Shoe Company, which the court held to be a preferred claim by reason of an execution levy made prior to the date of the assignment. If the claim of the McKee Shoe Company was for goods sold prior to the death of Martha Pritchett, the indebtedness of the first class mentioned was over $3,000, instead of only $2,335.91. The court further found that the indebtedness on the 1st of April amounted to $3,776.74, and that the assets consisted of goods inventoried at $5,211.25; cash, $124.94; good accounts, $500, and doubtful accounts, $285.96.

Greene reported that he had received from the sale of goods $5,090.44, which he sold at retail, excepting the last $1,400 (realized on a lump sale at a discount of forty per cent) and that the attending expense amounted to $1,235.60, leaving a balance to be paid on claims of $3,854.84. After deducting the preferred claim of the McKee Shoe Company there was an insufficient balance to pay the other creditors, and the County Court ordered the assignee to make distribution *pro rata* among all the creditors according to the amount of their respective claims. From that order this appeal is prosecuted.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellees have not filed a brief in this case, and we could reverse the order of the court *pro forma* for that reason. As the funds are in the control of the County Court, however, we have concluded to express our views upon the

question involved for the guidance of that court in making the order after the cause is remanded.

It is a familiar rule in marshaling assets that partnership assets shall be taken in discharge of partnership liabilities, and that individual assets be taken in discharge of individual liabilities. As the claims of partnership creditors can not be satisfied out of the individual assets of any member of the partnership until the claims of his individual creditors have been satisfied, so the claims of individual creditors can not be satisfied out of the interest which the individual partner has in the partnership assets until after all partnership creditors are paid. In this case it is contended that all the goods taken by the assignee, those purchased by the surviving partner after the death of Martha Pritchett, as well as those purchased before, were partnership assets, but that in distributing the proceeds the creditors having claims for goods sold prior to the death of Martha Pritchett only, should be treated as partnership creditors, while those having claims for goods sold after that time should be treated as individual creditors of Trexler. It is insisted that after paying in full the first mentioned class of creditors, one-half of the balance should be paid to the executor of Martha Pritchett and the other half be distributed among the individual creditors of Trexler *pro rata*.

From the time of the dissolution of the partnership by the death of Martha Pritchett to the time of the execution of the deed of assignment, the partnership liabilities were reduced from $3,776.74 to $2,335.91, and the amount of the McKee Shoe Company judgment; the business was carried on in the firm name and the goods purchased by Trexler were treated as partnership assets. The reduction of the old indebtedness nearly $1,000, was, no doubt, accomplished in some measure by a sale of the goods purchased by him after the death of his partner. If that is true, an order that would allow her estate the benefit of such a reduction and give it one-half of the balance after paying the old claims would manifestly be inequitable to the creditors who had sold the goods to Trexler after her death.

The evidence in the record before us does not disclose suf-

ficient facts to enable us to direct exactly what order should be made. If after hearing further evidence the County Court shall find that the fair cash value of the assets on hand at the time of the death of Martha Pritchett, after deducting expenses and costs, equaled or exceeded $3,776.74, then the claims which existed at the time of her death should be paid in full. If the court should find that the fair cash value after the deduction of expenses and costs, was less than that sum, those claims should be paid *pro rata* in the ratio that the net value bears to $3,776.74. The balance should be paid *pro rata* to the creditors who sold to Trexler after the death of Martha Pritchett. It would be unjust to the last named creditors, under the circumstances, to pay any of the balance to the executor of Martha Pritchett or other creditors of Trexler. The order will be reversed and the cause remanded for further action by the County Court.