**P. Lazowski, Complainant, v. Harry A. Petimezas, Defendant.**
**George Stathis, Intervening Petitioner, Appellant, v. T. G. Harvey, Receiver, et al., Appellees.**

## Gen. No. 25,586.

1. PARTNERSHIP, § 187*—*how assets apportioned among firm and individual creditors.* In general, partnership creditors are to be first paid out of the firm assets and individual creditors out of individual assets, although an exception may arise where an equal or superior equity may be created in favor of a creditor of a member of a firm, as where the capital with which the firm did business was furnished by a creditor to one member of the firm.

2. PARTNERSHIP, § 208*—*when loan not considered advance of capital.* Where money was loaned to two persons constituting a partnership, one of whom afterwards withdrew and a new partner being admitted, the fact that the money borrowed was used for partnership purposes does not place the creditor in the favored position of one advancing capital to the partnership.

3. PARTNERSHIP, § 269*—*liability of new partner for pre-existing debts.* A new member going into an existing partnership will not be liable for debts contracted by the firm previously thereto unless he expressly assumes them.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed March 8, 1920.

CERMAK & McCLELLAN, for appellant.

HARRY C. O'BRIEN, for appellees; DILLARD B. BAKER and HARRY C. O'BRIEN, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

The complainant, Lazowski, filed her bill to dissolve the partnership then existing between her and Harry A. Petimezas, and asked for an accounting, a receiver and a distribution of the partnership assets among the partnership creditors. A receiver was appointed who

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sold the assets and reported the proceeds of sale, less expenses, for the further order of the court. George Stathis filed an intervening petition asking that his claim be allowed as prior to the creditors of the partnership. To this a general demurrer was filed and sustained and the petition dismissed for want of equity. Stathis has appealed and asks that this order be reversed.

The intervening petition alleged that on or about May 9, 1918, the said Petimezas and one George Xenakes were copartners engaged in operating a restaurant; that the partners purchased fixtures and equipment and borrowed from the petitioner certain sums of money aggregating $458.85, which were used by them in the purchase of said fixtures and equipment, and gave their notes for the sums advanced; that thereafter, in June, 1918, Xenakes withdrew from the copartnership and Petimezas continued to operate the restaurant alone until the following December, when he entered into the partnership arrangement with the complainant, Lazowski, as set forth in her bill of complaint, and they continued as partners to operate the restaurant until the appointment of the receiver; that the receiver took possession of the same fixtures and equipment which had been purchased by the partnership of Petimezas and Xenakes with the money of the petitioner, Stathis, and thereafter sold them under order of the court. Petitioner asked that upon an accounting he be decreed to be a creditor entitled to share in the proceeds of the sale prior and superior to the other creditors of the partnership of Lazowski and Petimezas.

As a general rule, partnership creditors are to be first paid out of the firm assets and individual creditors out of individual assets; this rule is, however, occasionally subject to an exception which may arise where an equal or superior equity may be created in favor of a creditor of a member of a firm, as where

the capital with which the firm did business was furnished by a creditor to one member of the firm. *Greene v. Casey,* 86 Ill. App. 523; *Hoffman v. Schoyer,* 143 Ill. 598; *Reeves, Stevens & Co. v. Ayers,* 38 Ill. 418; *Hurlbut v. Johnson,* 74 Ill. 64.

We are of the opinion that the petitioner herein does not come within this exception. In the *Hoffman* case, *supra,* as in the *Hurlbut* case, *supra,* the parties claiming priority were, in fact, creditors of the partnership involved; while in the *Reeves* case, *supra,* the party claimed and was awarded priority by virtue of a mortgage.

It was long ago held that

"Where credit is originally given to one partner, the creditor cannot hold the partners liable, although they may receive the benefit of the transaction. The debt, being separate in its inception, does not become joint by the subsequent application of the funds to the purposes of the partnership." *Watt v. Kirby,* 15 Ill. 200.

To the same effect are *Wittram v. Van Wormer,* 44 Ill. 525; *Funk v. Babbitt,* 156 Ill. 408; *Elkins v. McCaskill,* 174 Ill. App. 563. A new partner going into an existing firm will not be liable for debts contracted by the firm previously thereto unless he expressly assumes them. *Wright v. Brosseau,* 73 Ill. 381.

Applying these rules, we hold that the petitioner, Stathis, has no rights as against creditors of the partnership of the firm of Lazowski & Petimezas. When these parties became partners it was the creation of a new firm, and its assets are subject to the firm's debts, no matter with whose money they were purchased, as long as there was no prior lien by sale, mortgage, or the like.

The order of the chancellor was correct and is affirmed.

*Affirmed.*

MR. JUSTICES HOLDOM and DEVER concur.